54 N.J. Super. 291 (1959)
148 A.2d 741
TEXTILE PRODUCTS, A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
SHARI STECKLER FELDAN AND DAVID SCHWARTZ, INDIVIDUALLY AND TRADING AS SHARI STECKLER CO., DEFENDANTS, UNITED STATES OF AMERICA, INTERVENOR.
Superior Court of New Jersey, Chancery Division.
Decided February 27, 1959.
*292 Mr. Robert Inlander, attorney for plaintiff.
Messrs. Greenbaum & Greenbaum (Mr. Arthur M. Greenbaum appearing), attorneys for defendants.
Mr. Chester A. Weidenburner, United States Attorney (Mr. Stewart G. Pollock, Assistant United States Attorney appearing), attorney for intervenor.
SCHERER, J.S.C.
Suit was instituted in the Essex County District Court on October 2, 1957 by Textile Products against the defendants Feldan and Schwartz, individually and trading as Shari Steckler Co., for the sum of $728.30. An answer and counterclaim raising equitable issues was filed by the defendants, and the matter was transferred to this court by order of the district court dated November 1, 1957. While this order is of doubtful validity (R.R. 7:6-1), subsequent proceedings in this court have rectified any error in the original order of transfer.
Plaintiff sued as an assignee of New Jersey Quilting Company, Inc. for goods sold and delivered. The answer admitted the debt, but by way of counterclaim alleged that on September 17, 1957, 15 days before the district court suit was started, a levy had been made by the United States *293 of America upon the defendants for all moneys due from them to New Jersey Quilting Company, Inc. The defendants tendered themselves ready to pay the sum involved, but alleged that they did not know to whom it should be paid, in view of the tax levy. By way of amended answer they alleged that they had paid $250 on account to the plaintiff on September 16, 1957.
When the proceedings were transferred to this court a motion was made by the defendant-counterclaimants to join the United States and New Jersey Quilting Company, Inc. as parties defendant to the counterclaim. An order was entered permitting such joinder, but that order, on motion of the United States, was subsequently vacated as to it, and it was given leave, pursuant to R.R. 4:37, to assert its claim by way of a complaint in intervention. This, the government did, and the matter came on for a pretrial conference.
At that time, it was stipulated and agreed that the case be heard on the pleadings and briefs, since there was no dispute as to any material fact, and the question was one of law only. It was conceded that, of the $728.30 originally owed by the defendants to New Jersey Quilting Company, Inc., $250 had been paid before the levy, leaving a balance of $478.30 in the hands of the defendants. The government, in its claim for intervention, alleged that it was entitled to the full sum of $728.30  $250 from Textile Products, representing the money it received from the defendants, and $478.30 from the defendants. The government's theory was that the filing of its lien on October 21, 1955 against New Jersey Quilting Company, Inc., in a sum in excess of $6,300, established its priority under 26 U.S.C.A. §§ 6321-6323, and was a lien on all of New Jersey Quilting Company's account at the time the $250 was paid.
At the pretrial conference I directed the defendants to pay into court the sum of $478.30 and allowed a counsel fee of $100 to counsel for the defendant-counterclaimants, together with taxed costs. This allowance was objected to by the United States and, after examining the law, I am *294 convinced that the allowance was erroneous and must be reversed.

I. THE CLAIM OF THE UNITED STATES.
There is no dispute that the claim of the Internal Revenue Service was properly filed on October 21, 1955, as required by 26 U.S.C.A. § 6323. The assignment by New Jersey Quilting Company, Inc. to the plaintiff of the account payable by the defendants, in the sum of $728.30, occurred July 16, 1957.
A federal lien arises on property of a taxpayer when his taxes are unpaid and a demand for payment has been made. 26 U.S.C.A. § 6321. It is valid as against subsequent mortgagees, pledgees, purchasers or judgment creditors, after filing, under section 6323. The Textile Products' assignment, therefore, is subject to the lien of the government. See Beeghly v. Wilson, 152 F. Supp. 726 (D.C. Iowa 1957); Bank of Nevada v. United States, 251 F.2d 820 (9 Cir. 1957). The claim of Textile Products is subordinate to the government's lien, whether or not Textile paid a valuable consideration for the assignment. In re Cle-Land Co., 157 F. Supp. 859 (D.C. Mass. 1957); United States v. Phillips, 198 F.2d 634 (5 Cir. 1952).
A judgment will be entered, therefore, directing that Textile Products pay to the government the $250 it received on the New Jersey Quilting Company account, and that the defendants pay to the government the sum of $478.30, being the balance due from them to New Jersey Quilting Company, Inc. prior to plaintiff's assignment.

II. COUNSEL FEE AND TAXED COSTS.
The allowance of the counsel fee and taxed costs to the defendants, as stated above, must be set aside.
In United States v. Liverpool & L. & G. Ins. Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955), the court approved the disallowance of an attorney's fee in a garnishment proceeding on the ground that, the government's lien *295 being prior to the garnishment lien, no fees could be properly paid to the attorney prosecuting the garnishment lien because to do so would have the effect of putting that part of the lien ahead of the government's claim, since the latter claim would be reduced by the payment of the fee.
United States v. Worley, 281 U.S. 339, 50 S.Ct. 291, 74 L.Ed. 887 (1930), while not in point here because a federal statute was involved, contains an interesting discussion of the problem. See also, United States v. R.F. Ball Const. Co., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958), rehearing denied 356 U.S. 934, 78 S.Ct. 770, 2 L.Ed.2d 763 (1958).
In United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958), the court held that the transfer of property subject to a federal lien does not affect the lien, it being the very essence of the lien that the property, no matter who holds it, passes cum onere.
Applying these rules, the funds in the hands of the defendants were always subject to the lien of the United States, which was prior to Textile's assignment, and New Jersey Quilting Company, Inc. could not transfer this account, except as encumbered by the lien. Thus, to allow a counsel fee and costs out of the fund is to whittle away that part of the lien which is equal to the amount of the counsel fee and costs. This is interdicted by the cases above cited.
While the result in this case may seem to be unfair to the plaintiff and defendants, since all appear to have acted in good faith, the remedy is in a change in the federal lien statute. This court must follow the law as enunciated by the United States Supreme Court. In matters of federal taxes, the federal law is supreme, and state law cannot interfere. United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705 (1893).
The judgment, therefore, should contain a provision amending the pretrial order dated February 9, 1959 by deleting therefrom the provisions of paragraph 8.
A judgment should be presented in accordance with these conclusions.