NARRAGANSETT BAY GARDENS,
INC., Plaintiff,

v.

GRANT CONSTRUCTION COMPANY,
Inc., Wardwell Lumber Company, John
Correira—doing business as Alma's
Hardware and Supply, John A. O'Connell, John Marshall—doing business as
Marshall's Landscaping Company, Defendants.

UNITED STATES of America,
Intervening Plaintiff,

v.

NARRAGANSETT BAY GARDENS, INC.,
Grant Construction Company, Inc.,
Wardwell Lumber Company, John Correira—doing business as Alma's Hardware and Supply, John Marshall—doing
business as Marshall's Landscaping
Company, and Narragansett Improvement Company, Defendants in Intervention.

UNITED STATES of America,
Plaintiff,

v.

John MARSHALL—doing business as
Marshall's Landscaping Company, Commodore Perry Village, Inc., Narragansett Improvement Company, Grant Construction Company, Inc., Wardwell
Lumber Company, and John Correira—
doing business as Alma's Hardware
and Supply, Defendants.

Civ. A. Nos. 2289, 2406.

United States District Court
D. Rhode Island.

June 11, 1959.

Robert J. Conley, Russell C. King, Providence, R. I., for Narragansett Bay Gardens, Inc., and Commodore Perry Village, Inc.

Joseph Mainelli, U. S. Atty., Samuel S. Tanzi, Asst. U. S. Atty., Providence, R. I., for the United States and John A. O'Connell.

Morphis A. Jamiel, Warren, R. I., for Grant Const. Co., Wardwell Lumber Co., John Correira, d/b/a Alma's Hardware & Supply, and John Marshall d/b/a Marshall's Landscaping Co.

Frank W. Storti, Providence, R. I., for Narragansett Improvement Co.

DAY, District Judge.

These actions, which were consolidated for trial, present identical questions as to the priority of federal tax liens over Rhode Island attachments and as to the allowance of counsel fees and costs to the debtors of a delinquent taxpayer as plaintiffs in a complaint in interpleader and a counterclaim in interpleader.

Civil Action No. 2289 was originally begun as a bill in equity for interpleader in the Superior Court for the State of Rhode Island. One of the defendants named therein was John A. O'Connell, then and now District Director of Internal Revenue for the District of Providence. The action was subsequently removed to this Court by him pursuant to the provisions of 28 U.S.C.A. § 1442 and § 1444. The remaining respondents named in said bill of complaint are Grant Construction Company, Inc. and The Wardwell Lumber Company, both Rhode Island corporations; John Correira, doing business as Alma's Hardware and Supply; and John Marshall, doing business as Marshall's Landscaping Company. Both Correira and Marshall are citizens of Rhode Island.

After the removal of said bill in equity to this Court, the plaintiff, in accordance with the Federal Rules of Civil Procedure, 28 U.S.C.A., filed a new complaint conforming to said Rules. In this complaint the plaintiff alleges in substance that it has in its hands and possession the sum of $2,400 due and owing to the defendant John Marshall under a certain contract between them; that it claims no interest in said sum; that on November 7, 1957 the defendants Wardwell Lumber Company, John Correira and Grant Construction Company, Inc. caused writs of attachment, returnable to a court of the State of Rhode Island, to be served upon it, attaching the personal estate of the defendant John Marshall in its hands and possession; that on December 4, 1957 it received notice that federal tax liens in the aggregate sum of $5,636.24 against all the property rights and monies of the said John Marshall had been perfected in accordance with the provisions of the Internal Revenue Code of 1939, 26 U.S.C.A. § 1 et seq., notice of such liens having been recorded as provided by law in the office of the Town Clerk at Bristol, Rhode Island on August 28, 1957 and November 7, 1957; that judgments were entered on December 5, 1957 in favor of said Wardwell Lumber Company, Grant Construction Company, Inc. and John Correira in their respective actions against the said John Marshall; that on December 12, 1957, executions issued on said judgments; that said judgment creditors have made demands upon the plaintiff for the satisfaction of said executions out of the personal estate of said John Marshall in its hands and possession; that said John Marshall claims to be entitled to receive said sum of $2,400, and has threatened to institute proceedings against plaintiff for its recovery; and that plaintiff is willing to pay said sum to the person or persons legally entitled thereto, but is in doubt as to whom it should be paid. After the recital of these facts the complaint concludes with a prayer that the plaintiff be permitted to deposit said sum of $2,400 in the registry of this Court; that the defendants and each of them be required to interplead and settle among themselves their respective claims in and to said sum of $2,400; and that the plaintiff be awarded reasonable costs and counsel fees.

Thereafter, it appearing that the federal tax liens were claimed by the United

States and not by the named defendant John A. O'Connell, the latter was dismissed as a party defendant and the United States was granted leave to intervene as a party plaintiff and to file a complaint as intervenor. In this intervening complaint (in which the remaining defendants, the plaintiff Narragansett Bay Gardens, Inc., and Narragansett Improvement Company, a Rhode Island corporation, were joined as defendants) the United States alleges that the said John Marshall owes certain taxes and penalties aggregating $7,019.06; that said taxes were duly assessed, that liens were duly perfected thereon, and that notice thereof was duly recorded as provided by law; that Narragansett Bay Gardens, Inc. is indebted to said John Marshall in the sum of $2,400; that the defendants are each claiming an interest therein; and that the United States seeks a determination that John Marshall is indebted to it in said sum of $7,019.06, with interest as allowed by law, as well as a determination of the rights of the respective parties in and to said sum of $2,400.

In Civil Action No. 2406, brought by the United States, the defendants are the said John Marshall, John Correira, Grant Construction Company, Inc., Wardwell Lumber Company, Narragansett Improvement Company, in addition to Commodore Perry Village, Inc., a Rhode Island corporation. This complaint likewise alleges that John Marshall is indebted to the plaintiff for certain federal taxes and penalties in the aggregate sum of $7,019.06, with interest thereon as allowed by law; that said taxes were duly assessed, that liens were duly perfected thereon, and that notice thereof was duly recorded as provided by law; that the defendant Commodore Perry Village, Inc. is indebted to the said John Marshall in the sum of $1,341; and that each of the defendants is claiming an interest in said sum. The complaint concludes with a prayer that this Court adjudge and decree that the said John Marshall is indebted to the plaintiff in the amount of $7,019.06, together with

accrued interest thereon as allowed by law; and that this Court determine the rights of all of the parties to said sum of $1,341.

In its answer Commodore Perry Village, Inc. counterclaims in interpleader, alleging that on November 4, 1957 a writ of attachment, returnable to a court of the State of Rhode Island, was served upon it in an action then pending in said court wherein Narragansett Improvement Company was plaintiff and the said John Marshall was defendant; that said writ attached the personal estate of the latter in its hands and possession; that it then had in its hands and possession the sum of $1,341 belonging to said John Marshall; that thereafter on December 4, 1957 it received notice that federal tax liens in the sum of $5,636.24 against all the property rights and monies of said John Marshall had been perfected, notice of such federal liens having been recorded, as provided by law, in the office of the Town Clerk at Bristol, Rhode Island on August 28, 1957 and November 7, 1957; that on December 4, 1957 a levy was made upon it; that a question has arisen as to the relative priority as between said attachment lien and said tax liens; and that it is in great doubt as to which of said lienors is entitled to priority of payment. The counterclaim prays that this Court order the plaintiff and the defendants Narragansett Improvement Company and John Marshall to interplead their respective claims to said sum of $1,341; and award it counsel fees and costs.

Prior to trial, Narragansett Bay Gardens, Inc. deposited the sum of $2,400 into the registry of the Court, and Commodore Perry Village, Inc. likewise deposited the sum of $1,341. Also, by agreement of the parties, the complaint in Civil Action No. 2406 was dismissed as to the defendants Grant Construction Company, Inc., Wardwell Lumber Company, Narragansett Improvement Company and John Correira. At the same time, the defendant John Marshall having failed to plead or otherwise defend,

an entry of default was made against him. In Civil Action No. 2289, similar entries of default were made for the same reasons against him and against the defendant Narragansett Improvement Company.

The evidence adduced during the trial established the following facts: that at the time of the institution of these actions the defendant John Marshall was indebted to the Government in the sum of $7,019.06 on account of unpaid withholding and excise taxes; that notice of the assessment of these taxes and demands for the payment thereof were seasonably made upon him; that notice of the perfection of tax liens in the sum of $5,634.24 on all the property rights and monies of the defendant John Marshall was received by Narragansett Bay Gardens, Inc. and Commodore Perry Village, Inc. on December 4, 1957, notice of said liens having been recorded on August 8, 1957 and November 7, 1957; that judgments in favor of Grant Construction Company, Inc., Wardwell Lumber Company and John Correira in their respective state court actions were entered on December 5, 1957; and that no judgment in favor of Narragansett Improvement Company has as yet been entered in its action in the state court.

■ It is well settled that a tax lien of the United States is entitled to priority over an attachment lien created pursuant to state law if the federal lien is recorded prior to the date when the attachment creditor obtains judgment. United States v. Liverpool & London & Globe Insurance Co., Ltd., 1955, 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268; United States v. Acri, 1955, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264; United States v. Security Trust Co., 1950, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53.

In United States v. Acri, supra, the Supreme Court held at page 213, of 348 U.S., at page 241 of 75 S.Ct.:

"The relative priority of the lien of the United States for unpaid taxes is, as we said in United States v. Waddill [Holland & Flinn] Co., 323 U.S. 353, 356, 357, 65 S.Ct. 304, 306, 89 L.Ed. 294; [People of State of] Illinois [ex rel. Gordon] v. Campbell, 329 U.S. 362, 371, 67 S.Ct. 340, 345, 91 L.Ed. 348; United States v. Security Trust Co., 340 U.S. 47, 49, 71 S.Ct. 111, 112, always a federal question to be determined finally by the federal courts. The state's characterization of its liens, while good for all state purposes, does not necessarily bind this Court."

■ Here the attachment liens are inchoate for federal tax purposes, the fact and amount of such liens being contingent on the outcome of the actions in which they were issued. Since the tax liens of the United States were recorded prior to the entry of judgments in favor of said attaching creditors, and were in an amount in excess of the aggregate of the sums held by the debtors of the delinquent taxpayer, I find and conclude that the federal tax liens have priority over the liens of said attaching creditors and that the sums presently on deposit in the registry of the Court are payable to the United States.

There remains the question of whether any amount should be deducted from each of said sums as an allowance to Narragansett Bay Gardens, Inc. and Commodore Perry Village, Inc. for counsel fees and costs sustained by them in these proceedings.

■ It is admittedly the general rule, in the absence of a statute making provision to the contrary, that a party who is confronted with conflicting claims to a fund in his possession and who claims no interest therein, may in good faith interplead the several claimants, deposit the fund involved in the registry of the Court, and recover his reasonable costs and counsel fees out of such fund. This rule is followed both in the federal courts and in the courts of Rhode Island. See, e. g., Palomas Land & Cattle Co. v. Baldwin, 1951, 9 Cir., 189 F.2d 936; Man-

chester Print Works v. Stimson, 1853, 2 R.I. 415. It is agreed here that both Narragansett Bay Gardens, Inc. and Commodore Perry Village, Inc. are merely disinterested stakeholders who have asserted no claims of ownership to the funds involved.

■ Despite the existence of this general rule, the Government contends that such an allowance of counsel fees and costs cannot be made where (1) the United States under a federal tax lien is the prevailing claimant to a fund and (2) the amount due under such federal tax lien exceeds the amount of the fund.

On the other hand, the stakeholders contend that I should follow the general rule which prevails in the usual interpleader proceeding in the courts of Rhode Island.

In support of its position, the Government relies upon the holding of the Supreme Court in United States v. Liverpool & London & Globe Insurance Co., Ltd., supra. While it may be claimed that the denial of counsel fees and related costs in that case was based upon the peculiar provisions of the state statute there involved, I believe that any latent ambiguity therein is removed by the subsequent *per curiam* decision in the later case of United States v. R. F. Ball Construction Co., 1958, 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510. In my judgment the contention of the Government is sound. I concur with the observations and reasoning of Chief Judge Forman in Ford Motor Co. v. Hackart Construction Co., D.C.N.J.1956, 143 F.Supp. 216, at pages 218–219, where he said:

"The determination of the Supreme Court on the facts of the Liverpool & London case that counsel fees could not be allowed is controlling here. It is not significant that the source of power used by the lower courts in that case to justify their allowance was a Texas rule while here it is inherent equity authority plaintiff asks this court to exercise. None of the three opinions in the Liverpool case (the district court's opinion is reported as Sunnyland Wholesale Furniture Co. v. Liverpool & London & Globe Ins. Co., D.C., 107 F.Supp. 405) questions the validity of the application of the Texas rule in the federal court. That rule was treated throughout that case as a competent source of power for the allowance of counsel fees in the ordinary case just as is the equity power of this court ordinarily a valid source of power to be utilized for that purpose.' But in the Liverpool case and in this one these usual prerogatives of the court must fall before the primacy of the federal tax lien. A superior source of power forbids the allowance of counsel fees here. The Supreme Court held in the Liverpool case that property subject to a valid and paramount federal tax lien cannot be invaded even for the allowance of the counsel fees to an innocent stakeholder, and this court must obey that ruling."

A similar conclusion was reached in United States v. Gasaway, 1958, D.C.Mo., 1 A.F.T.R.2d 1189. There, as here, a disinterested stakeholder sought to recover counsel fees in an interpleader action in which the United States was the prevailing claimant. The Court, relying on United States v. Liverpool & London & Globe Insurance Co., Ltd., supra, and United States v. R. F. Ball Construction Co., supra, held that since the fund involved was insufficient to satisfy the prevailing federal tax lien, no recourse to such fund could be had for the allowance of counsel fees to the stakeholder. This decision is of particular force in view of the clear precedents under the state law for awarding such fees in similar actions not involving claims under federal tax liens. See, e. g., Woodson v. Woodson, 1949, 359 Mo. 972, 224 S.W.2d 978; John A. Moore & Co., Inc. v. McConkey, 1947, 240 Mo.App. 198, 203 S.W. 2d 512.

In further support of this interpretation of the Liverpool decision, see Commercial Standard Insurance Co. v. Campbell, 5 Cir., 1958, 254 F.2d 432; Boston Insurance Co. v. Stubbs, 1956, D.C. Wash., 51 A.F.T.R. 1782; cf. United States v. Goldstein, 2 Cir., 1958, 256 F. 2d 581. See also 9 Mertens, Law of Federal Income Taxation (Zimet Revision 1958), § 54.46.

The cases of United States v. Ullman, D.C.Pa.1953, 115 F.Supp. 211, and American Alliance Insurance Co. v. Mitchell, Mo.App.1958, 299 S.W.2d 536, relied upon by Narragansett Bay Gardens, Inc. and Commodore Perry Village, Inc., are in my opinion clearly contrary to the weight of authority, and hence I am unwilling to follow them.

In conclusion, I find and conclude that said John Marshall was at the time of the institution of these actions indebted to the United States in the sum of $7,-019.06 for federal taxes and penalties thereon, plus interest; that the United States has valid prior liens on the sums of $2,400 and $1,341 presently on deposit in the registry of this Court, which liens are superior to any liens thereon in favor of the attaching creditors of the said John Marshall; that the United States is entitled to the payment of said sums, such payment to be applied to the reduction of said indebtedness; and that the prayer of Narragansett Bay Gardens, Inc. and Commodore Perry Village, Inc. for the entry of orders awarding them their respective counsel fees and costs must be, and they hereby are, denied. The United States will prepare and submit to me within ten days a computation of the amount presently due and owing by the said John Marshall as federal taxes and penalties, plus interest thereon; and thereupon judgments shall be entered in each of these actions in favor of the United States in that amount less the sum of $3,741 ($2,400 plus $1,341) and in accordance with the other conclusions hereinbefore expressed.