**UNITED STATES of America,
Plaintiff,**

v.

Anthony J. J. A. WILSON, Hedwig C. Wilson, Massachusetts Mutual Life Insurance Company, and Travelers Insurance Company, Defendants.

**Civ. A. No. 451–59.**

United States District Court
D. New Jersey.

Feb. 7, 1961.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Harold Weideli, Jr., Asst. U. S. Atty., Rahway, N. J., and Charles H. Hoens, Jr., Newark, N. J., Asst. U. S. Atty., for the Government.

Rospond & Rospond, by Felix Rospond, Newark, N. J., for defendants Wilson.

Nugent & Rollenhagen, by John P. Nugent, Jersey City, N. J., for defendant Massachusetts Mutual Life Ins. Co.

Stryker, Tams & Horner, by Burtis Horner, Newark, N. J., for defendant Travelers Ins. Co.

WORTENDYKE, District Judge.

The nature of this action is disclosed in this Court's opinion filed therein on March 31, 1960. Summary judgment was entered thereon April 8, 1960, D.C., 182 F.Supp. 567, in favor of the plaintiff against the defendant Anthony J. J. A. Wilson in the aggregate sum of $39,829.-65.

On November 16, 1960 a jury, by its verdict, found that the defendant Anthony J. J. A. Wilson was the owner, on June 6, 1947, of three certain life insurance policies upon his life, viz., Travelers Insurance policy No. 1834118, and Massachusetts Mutual Life Insurance policies numbered respectively 1468657 and 1615476. On June 6, 1947 the plaintiff acquired a lien, upon all property and rights to property (§ 3670, Int.Rev. Code 1939, 26 U.S.C.) of Anthony J. J. A. Wilson, for unpaid income taxes owed by him for the years 1944 through 1947, which, with interest accrued to March 14, 1960, amounted to $39,829.65.

On December 5, 1960 this Court ordered all of the defendants herein to show cause why a judgment should not be entered directing (1) the defendants Wilson to perform any acts necessary to surrender all rights which they possess under the insurance policies aforesaid and to effect a cancellation thereof; (2) the defendant insurance companies to pay to the plaintiff the amount of the cash surrender value accrued upon each of said insurance policies since June 6, 1947; (3) defendant Massachusetts Mu-

tual to disclose by testimony or otherwise, the nature and effect of any charge, addition or deduction applied to the cash surrender values of its policies since June 6, 1947; and (4) denying the allowance of counsel fees sought by the attorneys for the defendant insurance companies. Upon return of this order to show cause, after argument heard on January 23, 1961, decision was reserved.

I have concluded that the defendant insurance companies should pay to the plaintiff the amount of the cash surrender value accrued upon each of said insurance policies since June 6, 1947, and that the defendants Wilson should be directed to perform any act or acts, including the surrender of the policies to the respective issuing insurance companies, necessary to effectively relinquish and discharge all right, title and interest of each and both of said defendants Wilson in and to said policies, the cash surrender value accruing upon each thereof and the proceeds of the same.

Defendant Travelers Insurance Company does not oppose payment to the plaintiff of the cash surrender value accrued upon its policy, and asserts that it has always been ready and willing to make payment thereof upon the adjudication of plaintiff's right thereto. It asks, however, that it be allowed its costs herein, including a counsel fee to its attorney. I deny the application of this defendant for costs and counsel fee. Travelers has not interpleaded the claim against the cash surrender value of its policy, but was made a party defendant to the plaintiff lienor's foreclosure action of its lien. That lien has persisted since it attached. To allow a counsel fee out of the cash surrender value of the policy would reduce the lien *pro tanto*. See Textile Products v. Feldan, Ch.Div.1959, 54 N.J. Super. 291, 148 A.2d 741.

The defendant Massachusetts Mutual has furnished a statement of the successive cash surrender values of each of its two policies from the date of the accrual of the Government's lien. The statement includes the subsequent accruals of premium indebtedness against

the policies and the reductions thereof through the application of dividend accumulations and automatic premium loans pursuant to the provisions of the policies. The defendant Massachusetts Mutual contends, however, that (1) No property or right to property accrued to the insured, Anthony Wilson, in either of the policies, which could be subject to the Government's lien, until requests for cash surrender, executed by the insured and beneficiary, were received, and the policies had been surrendered to the company for cancellation; (2) The accrual of the Government's lien could not relieve the insurer of its contractual obligations to the insured under the automatic premium loan provisions of the policies; and (3) On balance of equities the insurer should be preferred to the Government because of the latter's delay in giving notice of and foreclosing the lien.

■■■ I conclude that the attachment of the Government's tax lien to the cash surrender value of the policies as of the tax assessment date created a priority of interest under each of the policies which no transactions between the insurer, the insured and the beneficiary could thereafter impair or otherwise adversely affect. 26 U.S.C. § 3671; In re McKinney, D.C., 15 F. 535, at page 537. The policies' provisions relating to premium loans, as well as those which required the insured and beneficiary to request and consent to the payment of the cash surrender value, and to deliver the policies to the insurer for cancellation in exchange for the payment of the cash surrender value, were provisions which were obviously and solely for the protection of the insurer. Since the insurer, as well as the insured and the beneficiary, are all parties defendant in this proceeding, and subject to the order and decree of this Court, the protection which would otherwise have been afforded by compliance with the policy provisions just mentioned is unnecessary, because it will be afforded by the provisions of this Court's judgment. As far as the requirement that the beneficiary consent to the payment of the cash surrender value is concerned, this Court's judgment is effective to compel the giving of such consent, or in the alternative to compel the defendant taxpayer, who is also the insured, to exercise his right to change the beneficiary in each of the policies, and to substitute the plaintiff as beneficiary thereof. Such change may be accomplished within the provisions of the policies, thus obviating any possibility that the present beneficiary might refuse to obey the directive of this Court and assert a claim against the insurer. Questions similar to those posed by defendant Massachusetts Mutual here were adjudicated adversely to said defendant's contentions in United States v. Metropolitan Life Insurance Co., 4 Cir., 1958, 256 F.2d 17. See also United States v. Bess, 1958, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135, and United States v. Trout, D.C.Cal.1942, 46 F.Supp. 484.

The tax lien which attached on June 6, 1947 continued and still continues as a lien upon the cash surrender value of the policies to the date upon which payment is made to the Government, and the continuity of the burden of the lien upon successive increments of cash surrender value from the date of the accrual of the lien until the foreclosure thereof may not be impaired by any transactions between the taxpayer-insured, the beneficiary and the insurer.

In United States v. Penn Mutual Life Insurance Co., 3 Cir., 1942, 130 F.2d 495, 142 A.L.R. 888, the action was against an insurance company and the question posed was whether it was liable solely under Sec. 3710(a), (b), of the 1939 Code (now 26 U.S.C. 6332(a) (b)). That section imposed a penalty on anyone who failed or refused to surrender any property or rights to property of a delinquent taxpayer in his possession after a levy and demand by the Secretary of the Treasury. The Court, at page 497 of its opinion, summarized the section (3710(a) and (b)), as follows:

"According to the specifications of Sec. 3710(a) the establishment of three things is requisite to the en-

forcement of the right thereby conferred upon the Collector, viz, (1) the existence of property or rights to property in a delinquent taxpayer, (2) the possession of such property or rights to property by the person of whom demand therefor is made by the Collector, and (3) that such property or rights to property are legally subject to distraint."

The Court found that the taxpayer had property rights in the policy legally subject to distraint, but held that the insurer was not liable for the penalty because the policy had not been surrendered by the insured. The Court in Penn Mutual was concerned solely with the question of the insurer's liability for a penalty under Sec. 3710(b) in the absence of a showing by the plaintiff that the insurer was in possession of a property right of the insured which could be reached without the latter's performance of a condition precedent to its realization. See United States v. Aetna Life Ins. Co. of Hartford, Conn., D.C.Conn.1942, 46 F.Supp. 30, 35, in which it was held that the Government's case did not fall within Section 3710, because that section was not in *pari materia* with the lien statute, Section 3670, and that "Section 3710 is confined to cases involving only taxpayer's property which is 'subject to distraint.'" The same reasoning distinguishes United States v. Metropolitan Life Ins. Co., 2 Cir., 1942, 130 F.2d 149.

In the present case the jury has already found that a property right existed in the taxpayer-insured on June 6, 1947 in the Massachusetts Mutual policies. Such a property right may be levied upon. Indeed, it may be reached even after the taxpayer-insured has died and the proceeds of a policy have been paid to the beneficiary. United States v. Bess, 1958, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135. However, unlike the Penn Mutual case, supra, this Court is not concerned with the question whether the possession by the insurer of the insured's right to property is such as

Sec. 3710(a) requires as a prerequisite to the imposition of a penalty under Sec. 3710(b). We are dealing here with a lien, pursuant to 26 U.S.C. 6321 (formerly Sec. 3670 of the 1939 Code) which attaches to all taxpayer's property and rights to property, real or personal. The jury having found a property right in the defendant-insured Wilson a lien attached pursuant to 26 U.S.C. 6321, and, as was stated in United States v. Metropolitan Life Ins. Co., 4 Cir., 256 F.2d 17, 23, "When the insured's interest in the policies is subjected to the tax lien under this proceeding, this amounts to a seizure of such interest by the United States (Miller v. United States, 11 Wall. 268, 297, 20 L.Ed. 135); and the United States by virtue of such seizure, may exercise any right which the insured might have exercised under the policies; including the election to take the cash surrender value." See also United States v. Trout, D.C.S.D.Cal.1942, 46 F.Supp. 484, 485. The case of United States v. Burgo, 3 Cir., 1949, 175 F.2d 196 is distinguishable because of its finding that there was no property interest in the taxpayer-insured to which the Government's lien could attach, thus the complaints against the insurance companies were properly dismissed.

The defendant insurance companies' will be directed to pay to the United States of America the amount of the cash surrender value accrued on and since January 6, 1947 upon the insurance policies referred to in the complaint; and the defendants Anthony J. J. A. Wilson, as insured, and Hedwig C. Wilson, as beneficiary, will be directed to execute and deliver to the insurers such documents as, by the terms of the respective policies, each insurer is entitled to receive as a condition precedent to the payment of the cash surrender value of its policies.

An appropriate order may be presented in conformity with the views hereinabove expressed.