UNITED STATES of America
v.
Anthony J. J. A. WILSON, Hedwig C. Wilson, Massachusetts Mutual Life Insurance Company, and Travelers Insurance Company,
Travelers Insurance Company, Appellant.
No. 13859.

United States Court of Appeals Third Circuit.
Argued April 5, 1963.
Submitted Oct. 12, 1963.
Decided April 10, 1964.

148

See also 3 Cir., 304 F.2d 530.

Stryker, Tams & Dill, Newark, N. J., Burtis W. Horner, Newark, N. J., of counsel, for appellant Travelers Ins. Co.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Michael A. Mulroney, Attys., Dept. of Justice, Washington, D. C., David M. Satz, Jr., U. S. Atty., for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER, STALEY, HASTIE, GANEY and SMITH, Circuit Judges.

PER CURIAM.

This is the appeal of the Travelers Insurance Company ("Travelers") in the Section 7403, Internal Revenue Code of 1954, action brought against delinquent taxpayer, Anthony Wilson, and involving foreclosure of a tax lien on his interest in certain unmatured insurance policies. The separate appeal of the Massachusetts Mutual Life Insurance Company in this same proceeding is filed concurrently herewith and is reported at 333 F.2d 137 (1964).

The facts of the case at bar are set out in the opinions of the court below reported at 182 F.Supp. 567 (1960), at 191 F.Supp. 69 (1961), and at 195 F. Supp. 332 (1961), and in the "Tabulation of Information re Life Insurance Policies" appended to our opinion in United States v. Sullivan, 333 F.2d 100 (1964), filed concurrently herewith. The "Tabulation" is incorporated into this opinion by reference.[1]

It is unnecessary to recite the facts here. For present purposes it is sufficient to state that unlike the four other tax lien-insurance cases decided this day, no question was presented below as to Travelers respecting policy loans or automatic premium loans and the proper measure of the Government's recovery.[2] The company professed its willingness to turn over the cash surrender value of its policy to the Government pursuant to a proper order of the court. Travelers, however, made application for an allowance of a setoff for its costs in the proceeding, which consisted almost exclusively of attorney's fees.[3] The court below denied the company's request and this determination forms the basis of the present appeal.

Travelers asserts that its status in the case at bar has been that of a stakeholder

1. Those facts set out in the "Tabulation" which are enclosed by parentheses are not in the record of the case. The "Tabulation" must be read with that in mind.

2. There apparently had been no applications for pay-outs of the policy's cash surrender value at times pertinent to the Government's claim and premiums on the policy had been prepaid through the time of judgment in the court below.

3. The "Affidavit in Support of Application for Counsel Fee" filed by counsel for Travelers stated that "a fair and reasonable charge [for counsel fees] would be $650.00, together with our out-of-pocket expenses in the amount of $7.88."

of its policy's cash surrender value and that by reason thereof, it is entitled to recover its costs out of the fund citing as authority a number of cases dealing with interpleader. Travelers' claim in the circumstances of this case is ill-founded and does not require extended discussion. The company, of course, was in a fundamental sense a stakeholder in the proceeding below notwithstanding the fact that it occupied the nominal status of defendant rather than interpleader. But it is far from clear that Travelers acted the role of a disinterested party.

The Government flatly asserts on this appeal without citing any record references in support of its claim, that Travelers "devoted substantial time and energy to developing and briefing an argument on the automatic premium loan question [which was posed with respect to its codefendant, the Massachusetts Mutual Life Insurance Company]." Brief for Appellee, p. 65. Some substance is given to this assertion by the fact that in its appeal brief filed with this court, Travelers devoted some twenty-three pages of argument to the automatic premium loan and related issues (because of their "fundamental importance to the insurance industry," Brief for Appellant, p. 5) and only four pages to the cost question. Travelers apparently did not particularize its costs other than as indicated in note 3 supra. In private actions in the nature of interpleader in which the stakeholder asserts or maintains a substantial adversary position, courts properly exercise their discretion to disallow recovery of costs. See Groves v. Sentell, 153 U.S. 465, 485–486, 14 S.Ct. 898, 38 L.Ed. 785 (1894); Century Ins. Co. v. First Nat. Bank, 102 F.2d 726, 729 (5 Cir.), cert. denied, 308 U.S. 570, 60 S.Ct. 84, 84 L.Ed. 478 (1939); American Smelting & Refining Co. v. Naviera Andes Peruana, S.A., 208 F.Supp. 164, 171–172 (N.D.Cal. 1962).

It would be superfluous, however, to pursue this line of inquiry further. What is more clearly of controlling importance here is the fact that the Government's delinquency claim against Wilson far exceeded the total amount of its judgment. To allow Travelers to recover its costs, therefore, would be to impair the value of the tax lien. We are of the view that existing law precludes such a result. See United States v. R. F. Ball Const. Co., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958) (per curiam); United States v. Liverpool & London & Globe Ins. Co., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955); Seaboard Sur. Co. v. United States, 306 F.2d 855 (9 Cir. 1962); United States v. Chapman, 281 F.2d 862 (10 Cir. 1960); Narragansett Bay Gardens v. Grant Const. Co., 176 F.Supp. 451 (D.R.I.1959).

No other issues being presented on this appeal, the judgment against Travelers Insurance Company will be affirmed.