**UNITED STATES of America,
Plaintiff,**

v.

**ADMINISTRATOR OF the ESTATE OF Helen G. McCALL, Executor of the Estate of Patrick J. McCall, a/k/a Patrick M. McCall, Citizens Savings Bank, Paul F. Harron, Mauch Chunk Trust Company, and the Equitable Life Assurance Society of the United States, Defendants.**

**No. 9778 Civ.**

United States District Court,
M. D. Pennsylvania.
Dec. 18, 1969.

Bernard J. Brown, U. S. Atty., Scranton, Pa., for the United States.

John Dobosh, Lansford, Pa., for administrator, estate of Helen G. McCall.

John P. McCall, Ludlow, Mass., for executor, estate of Patrick J. McCall.

Alan S. Flink, Providence, R. I., for Citizens Savings Bank.

Lawrence Biele, Philadelphia, Pa., for Paul F. Harron.

Roger N. Nanovic, Jim Thorpe, Pa., for Mauch Chunk Trust Co.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for the Equitable Life Assurance Society of the United States.

SHERIDAN, Chief Judge.

This action was tried to the court without a jury.

The complaint seeks to establish the priority of a lien of the United States on the settlement value of certain annuity contracts issued by defendant, The Equitable Life Assurance Society of the United States, to decedents, Patrick J. McCall and Helen McCall, and on real estate owned by Patrick J. McCall. It is alleged in Count 1, which relates to the annuity contracts, that the United States has valid liens against decedents' estates for unpaid income taxes for which the decedents were either jointly and severally liable or severally liable;[1]

1.

| Taxable Period | Balance of Assessment Due Including Penalty and Interest | | |
| --- | --- | --- | --- |
| | Joint & Several Liability (Both Estates) | Estate of Patrick J. McCall | Estate of Helen G. McCall |
| 1944, 48, 49, 50 | $231,991.70 | | |
| 1946 | | | $2,755.07 |
| 1943, 45, 46, 47 | | $228,981.87 | |
| | $231,991.70 | $228,981.87 | $2,755.07 |

Assessments for the above were made in 1951 and 1952 with the exception of about $6,200, charged against both estates, which was assessed in 1955.

that the settlement values [2] of the annuity contracts are payable to decedents' estates, subject to the claims or interest, by way of assignment, of defendants, the Citizens Savings Bank and Paul F. Harron; that no part of the alleged balance due on the assessments has been paid; and that the assets of the estates are insufficient to satisfy outstanding debts of the estates.

Count 2 incorporates the allegations of Count 1 with respect to unpaid taxes, liens, liability of decedents and insufficiency of decedents' assets to satisfy all outstanding debts. It is alleged in Count 2 that Patrick J. McCall was the owner of two parcels of land in Lehighton and one parcel in Lansford, Carbon County, Pennsylvania, and that this land forms a part of the estate of Patrick J. McCall subject to the claims or interests of defendant, the Mauch Chunk Trust Company.

Each count requests the court to require defendants to show the nature of their claims on these assets; that the court adjudicate the tax liability to be as set forth in the complaint; that the United States be declared the holder of valid and subsisting liens on the assets described in the complaint; and that the court determine the rights and priorities of the liens and claims of the parties to this action.

Citizens filed an answer in which it claimed an interest in the settlement value of the annuity contracts by reason of certain assignments from decedents to secure a loan on which a balance of $19,157.10 is due. It admitted the allegations with respect to assessment, nonpayment, etc. It averred, however, that its rights are superior to those of the United States and prayed for judgment to the extent of the balance due on the loan plus interest and costs. Equitable filed an answer in which it admitted the allegations with respect to issuance of the annuity contracts, the settlement values, and the assignments thereof as set forth in Count 1. Equitable indicated, however, that it is a mere stakeholder, requested the court to determine the rights of the other parties in the settlement values and to allow it costs and attorney's fees.

Mauch Chunk filed an answer to Count 2 in which it stated that a judgment for $30,000 in its favor against Patrick J. McCall is a lien on his real estate, and is superior to all other liens thereon.

The defendants, the Executor of the estate of Patrick J. McCall, the Administrator of the estate of Helen G. McCall, and Paul F. Harron, failed to appear, plead or otherwise defend, within the required time and judgment by default was entered against them.

Previously, plaintiff had moved for summary judgment. Only Citizens opposed judgment in favor of plaintiff on Count 1. Citizens' interest in the settlement values of the annuity contracts arose because of the McCalls' December 3, 1953, assignment of the contracts to Citizens as collateral for a loan. The Government contended that assuming the assignments qualify Citizens as a holder of a security interest, as defined in 26 U.S.C.A. § 6323, nevertheless, on November 27 and 28, 1951, the United States filed lien notices in Schuylkill and Carbon Counties for assessments for the taxable years 1943–1945. The Government argued that since the total amount of the assessments

2. The settlement values are alleged to be as follows:

| Contract No. | Date of Issue | Beneficiary | Amount |
|---|---|---|---|
| 11,884,534 | 12/24/44 | Est. of Patrick J. McCall | $17,987.41 |
| 11,884,999 | 12/22/44 | Est. of Helen G. McCall | $18,317.72 |
| 12,055,305 | 12/5/45 | Est. of Patrick J. McCall | $ 9,774.65 |
| | | | $46,079.78 |

($356,589.64) far exceeded the settlement values of the contracts, the United States, having perfected its lien prior to the assignments to Citizens, was entitled to priority over Citizens. The motion for summary judgment was denied because the pleadings, and supporting affidavits submitted by the plaintiff, did not establish that the residence of the McCalls at the time of filing of the liens was in either one of the counties, Carbon or Schuylkill, and the filing of the lien in the county of residence was necessary to perfect the liens under Section 6323. The pleadings and affidavits, however, established the other facts which would warrant the relief asked for by the plaintiff.

When this action was called for trial, all defendants were given notice of the time and place.[3] None appeared but Equitable, whose interest in the priority fight between plaintiff and Citizens is that of a mere stakeholder. The Government introduced into evidence, without objection, the pleadings, the affidavits previously submitted in connection with its motion for summary judgment,[4] and called Emmet T. McCall, son of Helen G. and Patrick J. McCall, to testify. This evidence clearly established that in 1951, the plaintiff filed notices of lien in Carbon and Schuylkill Counties covering assessments, totalling $356,589.64 for the years 1943–1945; that these liens related to the joint and several liability of Patrick J. and Helen G. McCall in the amount of $206,299.21 and liability of Patrick J. McCall in the amount of $150,290.43; that Patrick J. McCall and Helen G. McCall were residents of Carbon County during the entire year of 1951; that the notices perfected the lien of the plaintiff, as of 1951, under the provisions of Section 6323; that the assignment of the annuity contracts to Citizens did not take place until 1953; that the assessments which were the subject of the liens far exceeded the settlement

value of $46,079.78 of the annuity contracts;[5] and that assuming that the assignments of the annuity contracts to Citizens qualified it as a holder of a security interest, the prior perfection of the plaintiff's lien entitled plaintiff to priority over Citizens.

■ Equitable claims that it is entitled to counsel fees and costs out of the proceeds of the annuity contracts. While it did not file a formal counterclaim in interpleader, in its prayer for relief in its answer to plaintiff's complaint, Equitable requested:

"1. That the plaintiff and the defendants, Administrator of the Estate of Helen G. McCall, Executor of the Estate of Patrick J. McCall, a/k/a Patrick M. McCall; Citizens Savings Bank, Paul F. Harron and Mauch Chunk Trust Company, be required to litigate and settle among themselves their rights and claims in this action, without involving this defendant, and that the Court discharge this defendant from all liability in the premises except to the party, if any, it shall adjudge entitled to the proceeds of the policies involved herein."

In effect, therefore, it has interpleaded and disclaimed any right to the funds. Equitable relies on United States v. Ullman, E.D.Pa.1953, 115 F.Supp. 211, in support of its claim to counsel fees and expenses. That case, while lending support to Equitable's argument, was apparently the first decision in connection with a claim for counsel fees and costs where the lien exceeded the fund. The court stated (p. 214), "The United States Attorney frankly concedes that insofar as his research and the Department of Justice indicates that this is a matter of first impression." Later cases clearly hold that counsel fees and costs cannot be awarded when the lien exceeds the amount of the fund, for to permit this would be to diminish the Government's

---

3. Notice was given even to those against whom judgment by default had been entered.

4. Some of which would qualify as summaries of business records.

5. See note 2, supra.

prior lien. United States v. Wilson, 3 Cir. 1964, 333 F.2d 147; Youngstown Sheet & Tube Co. v. Patterson-Emerson-Comstock of Indiana, N.D.Ind.1963, 227 F.Supp. 208; Narragansett Bay Gardens, Inc. v. Grant Construction Co., D. R.I.1959, 176 F.Supp. 451; Ford Motor Co. v. Hackart Constr. Co., D.N.J.1956, 143 F.Supp. 216. The Narragansett case, supra, cited by the Third Circuit in Wilson, supra, specifically considered the holding in Ullman, supra, and rejected it as against the weight of authority. Equitable's application for counsel fees and costs will be denied.

The remaining question relates to the priority of lien to the real estate described in Count 2. On the motion for summary judgment, only Mauch Chunk opposed the plaintiff's right to priority of the lien on the real estate. The pleadings and affidavits submitted in connection with the motion showed that the notices of lien in connection with the assessments were properly recorded in Carbon County. The United States admitted that Mauch Chunk's judgment lien, docketed to No. 106 January Term 1951 in the Court of Common Pleas of Carbon County, had priority over the lien of the United States. The Government argued, however, that Mauch Chunk lost its priority by failing to revive the judgment within five years of the last revival on January 19, 1961.[6] Mauch Chunk filed a counter-affidavit in which it admitted it had not revived its lien, but asserted this was because of an offer by the Internal Revenue Service, accepted in writing, to settle Mauch Chunk's claim for $10,000, which would have permitted the United States to obtain a first lien. Mauch Chunk stated that on February 8, 1967, as soon as

it learned that the United States did not intend to fulfill the arrangements made by the Internal Revenue Service, it revived its lien, and argued that under these facts it was lulled by the Government into permitting its priority to lapse, and the United States was thereby equitably estopped from asserting any priority. The motion was denied primarily because the plaintiff failed to address itself either by way of legal argument or counter-affidavit to the matters set forth in the affidavit of Mauch Chunk, and further, the Mauch Chunk affidavit did not establish, and at most permitted only an inference, that Mauch Chunk was lulled into permitting its priority to lapse.

■■ At the trial, Mauch Chunk, although given notice, did not appear. The plaintiff introduced into evidence the pleadings and affidavits submitted in connection with its motion for summary judgment, together with supplemental affidavits of the Internal Revenue Service representatives who dealt with Mauch Chunk. This evidence clearly demonstrates that the Internal Revenue Service did not make any representations which could have misled Mauch Chunk into not reviving its lien in a timely manner. Therefore, the Government is not equitably estopped from asserting its acquired priority of lien to the real estate.

In view of the foregoing, it is unnecessary to consider the plaintiff's legal argument that the Government is not estopped by the acts of its agents who purport to enter into an arrangement to do what the law does not permit.

An appropriate judgment will be entered.

6. See 12 P.S. §§ 878–880.