Henry Epstein, J.
The plaintiffs are the committee of the property of Helen Woodward Rivas, an incompetent person. The defendant is the former sister-in-law of the said incompetent person.
On March 6, 1935 at Le Roy, New York, the defendant executed an instrument which reads as follows:
Le Roy, N. Y. March 6th, 1935.
In consideration of the payment of the Loans made by the Security Trust Company to my husband, Donald Woodward, amounting to approximately $200,000.00, I agree that in the event of my husband’s death $200,000.00 is to be paid from his insurance with interest to Mrs. Helen Woodward Rivas, or her heirs, and she is to have first choice of the Golf Course at her own price. This can either be taken from Insurance or paid at the sale of property from time to time. The sale of all property is to be met with Mrs. Rivas’ approval.
This is binding upon me or my heirs.
/s/ Adelaide J. Woodward
/s/ Laura McCarthy
Witness.
The plaintiffs make no claim on the latter half of the instrument pertaining to the golf course and sale of other property.
Defendant’s former husband, Donald Woodward, died on January 10, 1959 leaving policies of insurance on his life in excess of $1,750,000, of which $78,861 was payable directly to the defendant, and $40,361 was payable to his estate. The balance went to his children, two trust funds and charity. The *1059 instrument in suit was found in the safe-deposit box of the incompetent.
This action seeks to recover under the instrument and defendant alleges as a defense that prior to 1941 an agreement not under seal was void where the promise by one party was not supported by consideration; that the writing is void because it is too vague; that it is time-barred; that it is void by reason of the Statute of Frauds and finally that there is no claim that Mrs. Rivas relied on the promise of defendant or advanced any money on the faith of it, nor that she advanced any money prior to or after the signing.
At common law, every contract not under seal required a consideration to support it. Consideration can be a benefit to the party promising or a loss or detriment to the party to whom the promise is made. (17 C. J. S., Contracts, §§ 70, 71.) The promisee in the instrument, the subject of this suit, undertook an act of forbearance in reliance on the promisor’s promise to repay the money out of insurance proceeds upon the death of the debtor. Such forbearance is legal consideration. The case of Dougherty v. Salt (227 N. Y. 200) cited by defendant is distinguishable on the facts and the law.
In construing a written contract words will be given their ordinary and popularly accepted meaning unless there is some reason to show they were used in a different sense. (Brainard v. New York Cent. R. R. Co., 242 N. Y. 125.) The words used here are clear and unambiguous. The time of performance, the price to be paid and the source of payment as well as the subject matter giving rise to the instrument are clearly outlined in the instrument itself. Further, the answer does not specifically deny the performance by the incompetent of the terms of the instrument and, therefore, plaintiffs’ duty of proving acts of performance are limited to those specifically pleaded by defendant.
The Statute of Limitations is clearly a bar to the latter half of the instrument relating to the golf course and the sale of property, but this action is only based on the first part of the agreement. The first date that the incompetent could seek payment out of the insurance proceeds was the date of Donald Woodward’s death. He died in 1959 and the statute has not run against this claim.
The defense of the Statute of Frauds is based upon subdivision 2 of section 31 of the Personal Property Law. The question of consideration has been elsewhere considered in this opinion and the conclusion there reached disposes of defendant’s argument addressed to this defense.
*1060 There has been, no specific denial of performance on the part of the defendant. In fact, the only substantial offer of proof made by the defendant was a deed running from Donald .Woodward to the incompetent herein. The inference suggested from the offer of this deed was the repayment by Donald Woodward of the debt owed his sister (the incompetent). In fact, no such inference can be made, but, in any case, it.is inconsistent with defendant’s argument, now. proposed, that no money was advanced on the faith of the instrument.
The instrument executed by defendant agreed to pay the sum of $200,000 from the insurance of the deceased. Defendant was the beneficiary of $78,861 in insurance on the life of her deceased husband Donald Woodward, and she was the sole beneficiary under the terms of his will. An additional sum of $40,361 in life insurance was payable to the estate of the deceased.
The effect of the agreement sued upon was to create a fund out of which a debt was to be paid at a future date. The date was the death of Donald Woodward and the fund was the insurance on his life up to the sum of $200,000. The promisor was the defendant and therefore the agreement can only be binding upon her and only in the amount she received from the fund (insurance proceeds).
The agreement does not limit the insurance payments to those made directly to the defendant, hut the clear import of the agreement was to charge all insurance proceeds received by defendant, even that portion received through the estate, with the obligation of the agreement.
Judgment is therefore granted in favor of plaintiffs in the sum of $119,222, plus interest from the date of death of Donald Woodward.