Peter A. Quinn, J.
Motion to bring in plaintiff’s doctor as an indispensable party is denied. As a result of personal injuries suffered in an accident, plaintiff required medical attention. She executed an agreement giving her doctor a lien in a fixed amount for his services therein. Defendants contend the doctor became an assignee to the extent of his lien and an *157 equitable owner to that extent of the cause of action. It clearly appears that the paper writing creating the lien is no more than an executory agreement to transfer such money when it shall come into existence. It cannot be held otherwise since under section 41 of the Personal Property Law there can be no assignment of damages in a personal injury action. Until the lawsuit is finally disposed of by settlement or judgment, until the chose in action is converted into proceeds, the agreement, though it enjoys a valid birth, only exists as an equitable assignment. Until such event the doctor could hold no legal assignment of a part of the cause of action. Further, under section 193 of the Civil Practice Act the doctor is not an indispensable party since there could be a complete determination of the cause of action without his presence as a party in the action.