■ In the Matter of ELIZABETH CORDARO, Appellant, v. JOSEPH S. CORDARO, Respondent.— Order unanimously reversed, with $25 costs and disbursements and motion granted, without costs. Memorandum: The judgment creditor, wife of the judgment debtor, moved for an order directing the third-party insurance company to pay the proceeds of a settlement agreed upon with the judgment debtor to the judgment creditor, after deduction of attorney's fees and disbursements. Judgment creditor recovered a judgment in the sum of $1,000 for arrearages due for the support and maintenance of infant children of the marriage of the parties and duly docketed the judgment. When judgment creditor learned of the negligence action brought by the judgment debtor, she served a third-party order in supplementary proceedings upon the insurance company and the attorney for the judgment debtor. This service was made prior to the settlement of the judgment debtor's action. The relief sought by the judgment creditor is opposed on the grounds that at the time judgment

debtor retained his attorney to represent him in the negligence action, he borrowed $400 in cash from said attorney and gave him an oral assignment for said money, payable out of the proceeds, if any, received by the judgment debtor from his negligence action. There is considerable doubt from this record as to whether there was in fact a valid parol equitable assignment, but even if there was such an assignment it is subordinate to the lien of the supplementary proceedings order which was served upon all the necessary parties prior to the coming into existence of the fund which has not yet been received in payment of the agreed settlement of the judgment debtor's action. "The undoubted general rule (*Zartman* v. *First Nat. Bank of Waterloo*, 189 N. Y. 267; *Titusville Iron Co.* v. *City of New York*, 207 N. Y. 203) is that as between a judgment creditor's lien and the equitable lien of an assignee of property subsequently to be acquired, the latter, while his rights will be enforced in equity as against his assignor, has no right at all as against the former." (*Matter of City of New York* v. *Bedford Bar & Grill*, 2 N Y 2d 429, 432–433, and cases cited therein.) The lien of the judgment having been perfected prior to the creation of the fund it is superior to the inchoate equitable lien and should be paid first. (Appeal by judgment creditor from order of Monroe Special Term denying her motion to direct the third party to pay to her the proceeds of a settlement due the judgment debtor.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.