Allen Murray Myers, J.
Plaintiff seeks to recover the sum of $1,500 from defendant, Allstate Insurance Company, this being the amount of a settlement of a negligence action against its assured. Allstate has interpleaded plaintiff’s doctor, George J. Seaman. While Allstate admits that it is obligated to pay the amount of the settlement, it claims that it must pay $230 thereof to the plaintiff’s doctor by virtue of an assignment of the proceeds of this action signed by plaintiff and dated November 23,1960. The assignment was filed with Allstate on May 18, 1962. Allstate seeks authorization to pay the sum of $1,500 into court or to a person designated by the court.
The interpleaded defendant, Doctor Seaman, has filed an answer interposing a counterclaim against the plaintiff in the sum of $230, the amount due him for treating plaintiff’s injuries sustained in the accident, upon which the negligence action is based; and a counterclaim against the defendant Allstate directing it to pay to him the sum of $230 out of the proceeds of the $1,500 settlement pursuant to plaintiff’s assignment.
*342 When the negligence case was initially settled on March 16, 1967, Allstate sent two checks to the attorney for the plaintiff, one for the sum of $230, payable to Dr. Seaman, and the other for the balance payable to plaintiff and his attorney. These checks were returned to Allstate, plaintiff’s attorney demanding that he be sent only one check, made payable to himself and the plaintiff for the reason that the debt to the doctor was barred by the Statute of Limitations. Plaititiff also asserted that the assignment was proscribed by section 41 of the Personal Property Law. When Allstate rejected these premises, the instant action was instituted.
All of the parties have moved for summary judgment and agree that the undisputed facts mandate the resolution of these motions upon issues of law.
While the Statute of Limitations acts as a bar to recovery of a debt after a stated period, it ordinarily does not extinguish the debt itself. The law merely deprives a creditor of the right to enforce payment in the courts. But the barring of an action on a secured debt does not affect the right to reach the security. Bach action is governed by its own Statute of Limitations. (Hulbert v. Clark, 128 N. Y. 295; Hills v. Flynn, 161 App. Div. 127; Morgan Guar. Trust Co. of N. Y. v. Metcalf, 28 Misc 2d 1057.)
In the instant case, Dr. Seaman’s action on the debt is clearly barred by the Statute of Limitations. However, his right on the counterclaim to enforce the assignment did not accrue until the negligence case was settled. It is a right of action which depends upon the happening of a contingent future event (the settlement or disposition of a case in favor of plaintiff) and the statute does not accrue until the happening of the event (Blakeley v. Agency of Canadian Car & Foundry Co., 73 N. Y. S. 2d 573, affd. 272 App. Div. 1001; Greenley v. Greenley, 114 App. Div. 640).
The assignment was only an equitable assignment until the settlement fund came into being (Williams v. Ingersoll, 89 N. Y. 508; Kellogg v. Michaels, 31 Misc 2d 156). However, when the negligence action was settled and the settlement fund came into existence, the equitable assignment became a legal assignment. It effectuated a transfer of title to that portion of the fund assigned to the doctor and Allstate was obligated to immediately turn over that portion to him (Matter of Gruner, 295 N. Y. 510; Goldwater v. Fisch, 261 App. Div. 226; Reddy v. Zurich Gen. Acc. & Liab. Ins. Co., 171 Misc. 69). As the settlement fund came into existence on March 16, 1967, the counterclaim *343 of Dr. Seaman, the interpleaded defendant herein, to enforce the assignment is not barred by the Statute of Limitations.
Plaintiff’s argument that the assignment is proscribed by section 41 of the Personal Property Law, in that it was an assignment of a claim to recover damages for a personal injury, is similarly untenable. While a claim cannot be assigned, the proceeds of a recovery may be assigned (Williams v. Ingersoll, supra; Reddy v. Zurich Gen. Acc. & Liab. Ins. Co., supra). Here there was an assignment of the proceeds of a claim and not an assignment of the claim.
Accordingly, while Dr. Seaman cannot recover the debt on his counterclaim against plaintiff, he is entitled to enforce the assignment on his counterclaim against Allstate.
Plaintiff’s motion is denied.
The cross motions of defendant Allstate and the interpleaded defendant, Dr. Seaman, are granted to the extent indicated by this decision.
Submit an order on notice for the disposition of the $1,500 settlement fund, providing for such expenses, costs and disbursements to be charged against said fund as the parties shall agree to. If they cannot agree, the order should provide for a hearing to fix such terms relating to expenses, costs and disbursements in accordance with CPLE 1006 (subd. [f]).