UNITED STATES *v.* LIVERPOOL & LONDON & GLOBE INSURANCE CO., LTD. ET AL.

No. 34.   Argued November 16, 1954.—Decided January 10, 1955.

*Charles K. Rice* argued the cause for the United States. With him on the brief were *Solicitor General Sobeloff, Assistant Attorney General Holland, Ellis N. Slack, A. F. Prescott* and *Fred E. Youngman.*

*Searcy L. Johnson* for the Liverpool & London & Globe Insurance Co., Ltd., and *Arthur S. Goldberg* for the Sunnyland Wholesale Furniture Co., respondents, submitted on briefs.

MR. JUSTICE MINTON delivered the opinion of the Court.

This is a case involving priority of federal tax liens and a lien of garnishment.

On March 8, 1952, fire destroyed certain property of Adams, engaged in a furniture business in Temple, Bell County, Texas. Respondent insurance company and another were the insurers. The insurance companies agreed on the amount of the loss, and they were to share

the payment equally.   Before the insurance money was paid, a creditor of Adams, the Sunnyland Wholesale Furniture Company, on April 8, 1952, sued Adams on an open account.   At the same time, a writ of garnishment was issued and served upon the Liverpool & London & Globe Insurance Company, attaching the insurance funds due and owing Adams.   On April 21, 1952, the assessment lists covering the unpaid federal taxes of Adams and his wife for 1948 and 1950 were received in the office of the Collector of Internal Revenue for Texas.   On April 26, 1952, notice of tax liens was filed in the office of the county clerk of Bell County, Texas, in favor of the United States for $10,417.57, with interest.   Notice of the tax liens with warrants of distraint and notice of levy were served on the respondent insurance company.   On June 20, 1952, judgment was entered against Adams in favor of Sunnyland for $2,516.70, with interest and costs.   When the garnishee, the respondent insurance company, answered, it named the United States an additional party defendant and requested a determination of priorities of the garnisher and the United States, and asked for reasonable attorney's fees.   The amendment was allowed, and the United States was served with process to appear in the state court.   On petition of the United States the interpleader action was removed to the Northern District of Texas, and the United States was dismissed as a party defendant and permitted to file its complaint for foreclosure of its tax liens.   The respondent insurance company paid $7,500.39 into the registry of the court and asked for an attorney's fee of $500.   The District Court held the lien of the garnisher superior to the liens of the United States for taxes and allowed the garnishee $500 for attorney's fees.   107 F. Supp. 405.   The Court of Appeals affirmed, one judge dissenting.   209 F. 2d 684. We granted certiorari, 347 U. S. 973.

The question of priorities is identical with that of *United States* v. *Acri, ante,* p. 211, and *United States* v. *Security Trust Co.,* 340 U. S. 47. On the authority of those cases we hold the tax liens of the United States superior to the lien of the garnisher.

As to the attorney's fee allowed the garnishee insurance company, Rule 677, Vernon's Texas Rules of Civil Procedure, provides:

> "Where the garnishee is discharged upon his answer, the costs of the proceeding, including a reasonable compensation to the garnishee, shall be taxed against the plaintiff; where the answer of the garnishee has not been controverted and the garnishee is held thereon, such costs shall be taxed against the defendant and included in the execution provided for in this section; where the answer is contested, the costs shall abide the issue of such contest."

The District Court evidently found there was no contest between the insurance company and the other parties, and that the insurance company should be discharged with costs and allowance of a reasonable attorney's fee of $500. It, therefore, ordered the clerk to issue a check to the insurance company, payable out of the funds paid into the court by it.

If the garnishment lien is not prior to the Government liens, and we have held that it is not, certainly fees allowed in that proceeding are not prior to the Government liens, and the authorization of the payment of the attorney's fees prior to the Government liens was error. The costs and fees should be adjudged against the defendant, as provided by Rule 677.

The judgment is

*Reversed.*