UNITED STATES of America, Plaintiff,

v.

William R. ZUETELL et al., Defendants.

No. 17157.

United States District Court
S. D. California, Central Division.
Feb. 29, 1956.

Laughlin E. Waters, U. S. Atty., Edward R. McHale and Robert H. Wyshak, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff.

William R. Zuetell and Harriett J. Zuetell, in pro. per.

Edmund G. Brown, Atty. Gen. of California, and Edward Sumner, Deputy Atty. Gen. of California, for the State of California.

HALL, District Judge.

The second cause of action was submitted for final judgment on stipulation of facts.

That cause of action concerns only the priority as between the liens of the United States under Sections 3670 and 3671 of the 1939 Revenue Code [now 26 U.S. C.A. §§ 6321 and 6322] and the lien of the State of California which may have arisen by recordation of a certificate of lien with the County Recorder of Los Angeles County, to secure unpaid California income taxes of the defendant taxpayers herein, under and pursuant to Sections 18881 and 18882 of the Revenue and Taxation Code of the State of California.

By the terms of Sections 3670 and 3671 of the 1939 Revenue Code, the liens of the United States arose prior to the date of the recordation on November 19, 1951, of the above-mentioned certificate of lien by the State. Under the California Revenue and Taxation Code, Section 18882, the certificate when filed for recordation, "has the force, effect, and priority of a judgment lien."

The question is whether or not such lien of the State is the lien of a "judgment creditor," under the terms of Section 3672(a) of the 1939 Revenue Code [now 26 U.S.C.A. § 6323(a)], and thus prior to the above-mentioned liens of the United States. Section 3672(a), in its material part, provides that the lien provided for in Sections 3670 and 3671 [26 U.S.C.A. §§ 6321 and 6322] "shall not be valid as against any * * * judgment creditor."

The matter is clearly settled by United States v. Gilbert Associates, 1953, 345 U.S. 361, 73 S.Ct. 701, 703, 97 L.Ed. 1071, construing a New Hampshire statute which provided that tax assessments were " 'in the nature of a judgment.' " The court held that the meaning and application of the phrase "judgment creditor" in Section 3672 was a Federal question. It also held that the words "judgment creditor," as used in Section 3672, were to be construed to give uniformity to them in all States, and that: "In this instance, we think Congress used the words 'judgment creditor' in § 3672 in the usual, conventional sense of a judgment of a court of record, since all states have such courts." See also: United States v. Acri, 1955, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264; United States v. Liverpool, etc., 1955, 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268; United States v. Scovil, 1955, 348 U.S. 218, 75 S.Ct. 244, 99 L.Ed. 271; and United States v. England, 9 Cir., 1955, 226 F.2d 205.

The slight difference in language between the New Hampshire statute and the California statute can make no dif-

ference in the meaning of the phrase "judgment creditor," as used in the Federal statutes.

The plaintiff is entitled to a judgment, and will prepare and submit the same.