The PENNSYLVANIA INSURANCE COMPANY et al., Interpleading Plaintiffs,

v.

LONG ISLAND MARINE SUPPLY CORPORATION et al., Interpleaded Defendants.

UNITED STATES of America, Plaintiff in Intervention,

v.

The PENNSYLVANIA INSURANCE COMPANY et al., Defendants in Intervention.

No. 61 Civ. 1254.

United States District Court S. D. New York.

May 12, 1964.

Glatzer, Glatzer & Evans, New York City, for interpleading plaintiffs and defendants in intervention; Martin Evans, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, for plaintiff in intervention United States; Dawnald R. Henderson, Asst. U. S. Atty., of counsel.

Leonard G. Kramer, Bay Shore, N. Y., for Michael Resnik, trustee in bankruptcy of Long Island Marine Supply Corp., bankrupt.

WYATT, District Judge.

This is a motion by interpleader plaintiffs for an order permitting their withdrawal, dismissing the action as to them, discharging them from liability, and directing payment to their attorneys of counsel fees and disbursements.

The action was commenced on April 7, 1961 by the four plaintiffs, which were styled "interpleading plaintiffs" in the caption of the complaint as filed.

The complaint averred that each insurance company plaintiff had issued a policy of fire insurance to defendant Long Island Marine Supply Corporation; that there was a fire loss under each policy on June 24, 1960; that the insured and each plaintiff had reached an agreement as to the amount payable under each policy and the aggregate of the amounts payable was $36,597.51; that claims to all or a part of the amount due under each policy had been made against each plaintiff by one or more of the defendants, styled "interpleaded defendants"; that plaintiffs could not safely determine which claims to pay; that plaintiffs had no interest in the amounts due under the insurance policies but were "mere stakeholders"; and that the $36,597.51 had been paid into the registry of the court. It was also averred that the total of the claims, "exclusive of those by the insured and the tentative trustee to the entire proceeds", is $48,352.40.

Jurisdiction was based on 28 U.S.C. § 1335 (sometimes called the Federal Interpleader Act) and "two or more adverse claimants" named as defendants were averred to be citizens of different states. This is sufficient to give the Court jurisdiction even though there is not diversity between plaintiffs and the defendants; indeed the citizenship of plaintiffs is not averred. Fed.R.Civ.P. 22(2).

The prayer for relief included a prayer that plaintiffs be discharged from liability and awarded their reasonable costs, attorney's fees, etc.

Service of the summons and the complaint was made on all named defendants.

It is represented by movant that the "interpleaded defendants who had held the insured premises and the insurance policies having gone into arrangement proceedings in the Eastern District of this Court, by order of the Court all further action in the Court herein was stayed. This order was dated the 18th day of January, 1961.

"In April, 1962 this stay was vacated * * *".

It is not clear what this means, but I assume that it is intended to aver that the assured filed a Chapter XI petition in the United States District Court for the Eastern District of New York and that an order of that Court stayed all proceedings in this Court from January 18, 1961 to "April, 1962". 11 U.S.C. §§ 701 and following, 714. In any event there has been no relevant stay since April 1962.

The United States, named as a defendant, thereafter moved (a) to dismiss the action as against it because it had not consented to be sued in interpleader and (b) for leave under Fed.R.Civ.P. 24 to

intervene as a plaintiff and to serve a complaint setting forth the government's claim. This motion was granted on default; the order granting the motion was filed on November 5, 1962.

The government thereafter served its "complaint in intervention", as a result of which the caption of the action was devised in the form as it now appears and all the parties to the action except for the government are styled "Defendants in Intervention" in the lower part of the caption. Whether this is the most exact and appropriate method to plead need not be decided. The substance of the government's claim as intervenor is that there are tax liens under 26 U.S.C. §§ 6321, 6322 on the money deposited by plaintiffs in the registry of court; the government asks under 26 U.S.C. § 7403 for foreclosure of the lien on this money.

Plaintiffs thereafter moved for leave to amend the summons and complaint and also the government's "complaint in intervention" by adding Dexter Axle Company, Inc. as a defendant on the asserted ground that counsel for defendant Standard Financial Corporation had advised counsel for plaintiffs that "the claim described in the complaint is owned by Dexter Axle Co., Inc." although "said Dexter Axle Co. Inc. has not formally nor in writing served any notice of claim with respect to this chose in action". This motion was granted on consent by order filed March 22, 1963. The amended summons and complaint are said to have been served on all parties. What, if anything, happened to the "complaint in intervention" does not appear.

■ An action of interpleader has two separate and consecutive steps: first, the determination whether plaintiff is entitled to the relief sought, including discharge; and second, the determination of the adverse claims as between the interpleaded defendants. See American-Hawaiian Steamship Co. v. Bowring & Co., 150 F.Supp. 449 (S.D.N.Y.1957).

This action is now at the first stage and in effect plaintiffs have moved for summary judgment. Fed.R.Civ.P. 56.

There is no opposition to the motion so far as it asks for an order permitting plaintiffs to withdraw from the action as plaintiffs and also as "defendants in intervention". The motion is granted to that extent without opposition and a separate order is being signed permitting plaintiffs to withdraw from this action and dismissing the action as to the four plaintiffs in their capacity as "defendants in intervention" and discharging plaintiffs from any and all liability on account of the fire damage alleged in the complaint and in the amended complaint. No notice need hereafter be given of any proceedings in this action to plaintiffs or to their counsel, except in the one particular hereinafter provided. It would appear more convenient to leave the caption as it now stands, but if counsel feel otherwise, an order changing the caption may be settled on notice.

There is opposition to that part of the motion asking for payment from the deposited money of fees and disbursements of counsel for plaintiffs.

Defendant Resnik, as trustee, opposes as too high the amount requested for counsel fees.

The government as intervening plaintiff opposes payment of any counsel fees at this time and, if any fees are to be paid now, opposes the amount requested.

■ If the government has a valid tax lien superior to all, or some, of the claims of defendants, then the government's tax lien is superior to any claim of plaintiffs for payment of their costs, including an attorney's fee. United States v. R. F. Ball Construction Co., Inc., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958); United States v. Liverpool & London & Globe Ins. Co., Ltd., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955); Commercial Standard Ins. Co. v. Campbell, 254 F.2d 432 (5th Cir. 1958); United States v. Chapman, 281 F.2d 862 (10th Cir. 1960).

■ So long as payment of costs to the interpleader does not affect the federal tax lien, a direction for such payment is within the discretion of the Court and

may properly be made. Globe Indemnity Co. v. Puget Sound Co., 154 F.2d 249 (2d Cir. 1946).

The difficulty is that until trial it cannot be determined where the federal tax lien stands in order of seniority. If it were now clear that the tax lien is superior to all other claims, or even to some other claims, and that the tax liens can be paid in full with something remaining, then fees could be paid to the attorneys for plaintiffs from that remainder. Such fees might be charged against amounts due to defendants, if any, in priority to the federal tax liens. This was the solution in United States v. Chapman, above. But none of these things can be known until the issues are resolved at trial. It might conceivably turn out that the federal tax lien is so ranked that any payment of attorney's fees now would reduce by that amount the recovery of the government on its claimed liens. It is clear that under such circumstances, it would not be proper to order a payment of fees and disbursements at this time to the attorneys for plaintiffs.

There seems good reason, however, as a matter of judicial administration to fix now—while the materials are at hand and the matter under consideration—the amount payable by way of fees and disbursements to the interpleaders, in the event this can be done without affecting the claimed federal tax lien.

■ The amount cannot be the $3500 requested (a) because plaintiffs could have been and should have been discharged and dismissed long ago, (b) because plaintiffs have never had any interest in the claim in suit, and (c) because there has been no opposition to the various moves in this action by plaintiffs. Moreover, a substantial amount of the activity of counsel as set forth in the moving papers appears to relate to the merits of the several adverse claims and to other matters for which charges may properly be made to the several plaintiffs but not to the fund in court.

Under the circumstances fees in the amount of $1750.00 will be allowed from the fund in court to the attorneys for the interpleader plaintiffs plus their disbursements of $87.20, or an aggregate of $1837.20. This amount will be payable at such time after trial or otherwise as it may be determined by this Court that the payment can be made without affecting the tax lien claimed by the government. The parties hereto are directed that, before application is made to this Court to enter a final judgment herein or to make any other final disposition of this action, notice shall be given of any such application to the former interpleader plaintiffs and to their counsel in this action to the end that they may be heard thereon in so far as it may bear upon this order concerning attorney's fees and disbursements.

A separate order is being signed in accordance with the foregoing.