# UNIVERSITY FEDERAL SAVINGS & LOAN ASSOCIATION v. MARLIN DEVELOPMENT CO., et al.

No. 64-C-352.

Circuit Court, Dade County.

October 28 and November 6, 1964.

Robert W. Hervey of Turner, Hendrick, Fascell & Guilford, Coral Gables, for plaintiff.

Garth A. Webster of Wakefield & Underwood, Miami, for the second mortgagee.

Burton M. Michaels, Miami, for the materialman.

Morton Orbach, Assistant U. S. Attorney, for the United States.

HAL P. DEKLE, Circuit Judge.

*Order on priorities, October 28, 1964:* This order deals with priorities of payment or disbursement from the proceeds of a foreclosure sale to be held herein. The following claims are presented in the foreclosure —

(1) First mortgage principal, interest, advances, costs and attorney's fee.

(2) Materialman's lien.

(3) Second mortgage principal, interest, costs and attorney's fee.

(4) U. S. income tax lien against mortgagor.

In point of time the respective liens of the foregoing claims are in the order set forth so far as date of record is concerned — in the case of the materialman's lien it is prior to the second mortgage by virtue of admitted earlier "visible commencement" under the old statute which applied at the time. The first mortgage was earlier recorded.

Quite familiar now is the practice under the holdings granting priority to U. S. income tax liens before any award of attorney's fee on the theory that such fee is an inchoate right contained in the mortgage and does not become choate or fixed until foreclosure filed and such claim asserted in the foreclosure suit, prior to which time the federal income tax lien has been recorded, though subsequent to recordation of the mortgage itself, U. S. v. Bond (CCA 4th), 279 F. 2d 837; U. S. v. First Fed. S. & L. Assoc. (Fla. App. 2d 1963), 155 So.2d 192.

This case extends to further priorities on all of the foregoing liens which apparently have not arisen in other cases insofar as the court has been informed, perhaps because usually there is not a sufficient overage from the sale proceeds to be concerned with the question.

Here the United States recognizes that both the first and second mortgages are prior in date of record to its tax lien. The second mortgagee understandably pleads with some consternation that allowing the tax lien ahead of its second mortgage which is first

of record deprives it of the right guaranteed by prior recordation, and contends that the usual rule allowing the tax claim ahead of the first mortgagee's attorney's fee should not here apply because to do so will place the tax lien ahead of its prior recorded mortgage — and furthermore that because the tax lien is rather substantial it will in fact deprive it of excess proceeds to which the second mortgagee would otherwise be entitled. The second mortgagee therefore suggests a priority as follows —

(1) First mortgage principal and interest.
(2) Second mortgage principal and interest.
(3) Federal tax lien in its entirety.
(4) Attorney's fee on first mortgage.
(5) Materialman's lien.

The materialman recognizes that though prior in time of record to the tax lien, his is an inchoate right which did not materialize until claim was filed in this suit—and therefore the intervening filing of the tax lien places it ahead of him. U. S. v. Hulley, 358 U. S. 66, 3 L. Ed. 2d 106, 799 S. Ct. 117; U. S. v. Weissmann (Fla. App. 2d 1961), 135 So.2d 235, 238.

The second mortgagee cites Manchester Federal S. & L. Assoc. v. Emery-Waterhouse Co. (S. Ct. N.H. 1959), 153 A. 2d 918, which is an excellent opinion on priorities of liens in a surplus. There the U. S. conceded that its lien was junior to the second mortgage, the assessment of the tax being in fact subsequent both to the first and second mortgages. Such acknowledged priority applied, however, only to the principal and interest on such mortgages and the court held as to mortgagees' attorneys' fees that —

"* * * such an allowance [for attorney's fee] may not be charged against the portion of the fund [surplus] which is subject to the tax lien of the United States. U. S. v. Liverpool & London etc. Ins. Co., 348 U. S. 215, 75 S. Ct. 247, 99 L. Ed. 268; U. S. v. R. F. Ball Constr. Co., 78 S. Ct. 442, 2 L. Ed. 510. See 28 USCA § 2412 (a).

"It follows that any costs or counsel fees which may be allowed to the plaintiff [first mortgagee] by the trial court should be deducted from the sum [in the surplus] set apart as subject to the lien of the mortgagee Ogg [second mortgagee] * * *".

This expressly places the second mortgage, though prior in recordation, subsequent to the U. S. tax lien so far as attorney's fees are concerned. The mention of costs is not otherwise dis-

cussed or made an issue in the opinion and I could not agree that costs of the very suit that afforded recovery of the U. S. tax lien should be subordinated to it.

A further interesting question in our case, apparently not heretofore treated, is what portion of the U. S. tax lien is to be given priority over the attorneys' fee where the tax lien exceeds such fee. The priority granted to tax liens is not just a judicially devised result favoring the government but expressly derives from 28 USCA § 2401 (c), which grants such priority. Like all statutory provisions it cannot be extended by a court beyond its reasonable intent and must be strictly construed and therefore this court holds that this statutory priority over the first mortgagee's attorney's fee and the similarly inchoate materialman's lien is limited to the amount of that fee as determined by the court and the amount of the materialman's lien, immediately followed by an award of such attorney's fee which would otherwise stand in its place and then the materialman's lien. Any balance of such tax lien would fall in its normal place according to regular priority, in this instance, after the principal and interest of the second mortgage by virtue of its earlier record, but again ahead of any attorney's fee on the second mortgage, to the extent of such fee, by virtue of the statute.

The second mortgagee contends that this in effect is granting two first mortgage "attorney's fees". It is granting the amount twice, to be sure, but we find some language indicating this to be the very result and intention of the federal statute in U. S. v. Pioneer American Insurance Co. (1963), 374 U. S. 84, 83 S. Ct. 1651, 10 L.Ed. 770, saying that the attorney's fee there which was subordinated to the tax lien "would be borne by the other claimants in order of seniority among themselves under State law." Thus it would appear that the priorities in these circumstances should be and are hereby established as follows—

(1) First mortgage principal, costs and advances under mortgage.

(2) U. S. tax lien to the extent of the amount awarded as a reasonable attorney's fee on the first mortgage.

(3) U. S. tax lien to the extent of the materialman's lien (also a result under 28 USCA 2410 (c) in the same manner as the attorney's fee).

(4) Reasonable attorney's fee on the first mortgage.

(5) Materialman's lien (based on "visible commencement" under the old statute which applied here, though such lien later recorded, such facts being admitted in the proofs).

(6)  Second mortgage principal and interest.

(7)  U. S. tax lien to the extent of a reasonable attorney's fee on the second mortgage.

(8)  Reasonable attorney's fee on the second mortgage.

(9)  Any balance of U. S. tax lien.

There is one further matter of equity concern which was argued and presented at the final hearing. Subsequent to institution of this suit the plaintiff entered into a contract for the sale of the subject property to a third party in the event the first mortgagee became the successful bidder, in the sum of $119,000— which is some $10,000 in excess of its total recovery in foreclosure. This contract was received in evidence over the first mortgagee's objection, upon the second mortgagee's contention that it would be inequitable to allow the first mortgagee thus to be unjustly enriched by being in a preferred position to bid in the property for the amount of its decree and resell it at a substantial profit and deprive subsequent claimants of any share in an excess that might otherwise be created. In the court's view this would be inequitable and an unjust enrichment and although the court cannot usually interfere in an independent third party contract or such contractual rights, the court can and does for equitable considerations present here, order and direct that the lowest bid which will be approved by the court upon sale of this property shall be $119,000.

An added consideration supporting this holding is the fact that the second mortgage really represents the interests of three earlier mechanic's lienholders who, perhaps unwisely but in the interest of the first mortgagor (contractor-borrower from institutional mortgagee-plaintiff on a construction loan) and all concerned, in order to facilitate progress of the work, took this second mortgage for the amounts of their mechanic's liens and satisfied their liens, thereby subordinating their otherwise prior standing, upon reliance on plaintiff's statements to them at the time that "there will be enough [proceeds of the construction loan] to pay all liens" — though this is denied by the plaintiff.

Counsel for plaintiff may submit form of final decree of foreclosure which may incorporate the priorities found herein and the limited low bid of $119,000.

*Final decree of foreclosure, November 6, 1964:* This cause coming on for final hearing on the motion for final decree of the plaintiff, upon plaintiff's complaint to foreclose mortgage, and the evidence offered in support thereof, and the court being duly advised in the premises, it is upon consideration ordered, adjudged and decree that —

1. Due and legal service of process has been had upon all of the defendants and that all of the decrees pro confesso heretofore entered in this cause are hereby ratified and confirmed; that this court has jurisdiction of the parties in this cause and the subject matter hereof; that the allegations contained in the complaint have been proved by competent evidence and that the equities in this cause are with the plaintiff.

2. The mortgage sued upon by the plaintiff in this cause constitutes a valid first lien upon the property hereinafter described and said mortgage is in default as alleged in the complaint.

3. The reasonable fee for the services rendered by the attorneys for the plaintiff is the sum of $4,910, and this court hereby finds and decrees that said sum is a reasonable attorneys' fee to be allowed for the services of its attorneys herein, which sum is due and owing.

4. There is due to said plaintiff upon the note and mortgage sued upon the following sums —

| | |
|---|---:|
| Unpaid principal balance as of 8/31/63 | $ 97,700.00 |
| Interest thereon from 9/1/63 - 12/31/63 taking into account the money in Construction Fund until disbursed | 1,668.76 |
| Penalty interest from 9/1/63 - 12/31/63 taking into account the money in Construction Fund until disbursed | 1,112.40 |
| Interest from 1/1/64 - 10/23/64 | 7,951.43 |
| Court costs | 185.85 |
| Abstract charges | 46.50 |
| Insurance | 1,601.42 |
| | $110,266.36 |
| Attorneys' fee | 4,910.00 |
| TOTAL DUE | $115,176.36 |

and in addition thereto, such further sums as may be paid by the plaintiff for court costs, plus interest from the date of this decree until paid, and any further sums in connection herewith.

5. The plaintiff has a lien to secure the payment of the aforesaid sums against the following described property in Dade County, Florida, to-wit —

Lot 3 and 4, in Block 27, of **Samuel Rhodes Amended Plat of New Biscayne,** according to the Plat thereof recorded in Plat Book "B", at page 16, of the Public Records of Dade County, Florida.

The aforesaid lien of the plaintiff is prior, paramount and superior to all rights, claims, liens, interests, encumbrances and equities of the defendants and all persons, firms or corporations

claiming by, through or under said defendants, or any of them, and that said property will be sold free and clear of any claims of said defendants.

6. The clerk of this court, after publication of notice as required by chapter 702 of the Florida Statutes, as amended, is hereby directed to sell the mortgaged property as described above in paragraph 5 to the highest and best bidder for cash, the lowest acceptable bid being $119,000, at public sale at the south door of the Dade County Courthouse, in Miami, Florida, free, clear and discharged of any and all claims, liens, encumbrances, rights, equities and interest of the defendants hereto, and any and all persons, firms or corporations claiming by, through or under said defendants, said sale to be held at 11 A. M. on the 27th day of November, 1964, all as provided by chapter 702 of the Florida Statutes, as amended.

7. That out of the proceeds arising from the sale of the property herein ordered to be sold, the clerk shall retain his fee and out of the remainder of the proceeds, as far as the same shall apply, there shall be paid the following claims in order of their priorities as hereinafter set forth —

(a) First mortgage, University Federal Savings and Loan Association of Coral Gables, principal, interest, costs and advances ................................................................................$110,266.36

(b) United States tax lien to the extent of the amount awarded as a reasonable attorneys' fee on the first mortgage ............ 4,910.00

(c) United States tax lien to the extent of the materialman's lien (Lowry Electric) ................................................................ 327.00

(d) Reasonable attorneys' fee on first mortgage ......................... 4,910.00

(e) Materialman's lien (Lowry Electric) ...................................... 327.00

(f) Second mortgage (Francis X. Knuck, Trustee)

(g) United States tax lien to the extent of reasonable attorneys' fee on second mortgage

(h) Reasonable attorneys' fee on second mortgage

(i) Balance due on United States tax lien.

Any amounts derived from the sale by the clerk of the court, in excess of those sums set forth hereinabove, shall be retained by the clerk pending further order of the court designating the amounts to be disbursed in accordance with the aforesaid priorities.

8. The plaintiff may bid at the said sale and if the plaintiff is the successful bidder, it shall be entitled to credit on its bid up to the full amount under this decree.

9. That upon the said sale being had in accordance with chapter 702 of the Florida Statutes, and upon the clerk filing the certificate of sale, and upon the clerk filing the certificate of title as provided by chapter 702 of the Florida Statutes, the

sale shall stand confirmed and the defendants and all persons claiming by, through or under them shall be forever barred and foreclosed of any and all equity or right of redemption, except the United States of America shall have the right of redemption for one year from the date of sale, in and to the above-described property, and the purchaser at said sale, or the purchasers, their heirs, representatives, successors or assigns shall without delay be let into possession of the said premises so conveyed.

10. That this court retains jurisdiction of this cause for the purpose of making any and all further orders and decrees as may be necessary and proper.