RUTH A. NASON & another *vs.* JOHN J. TAYLOR
& others.

Barnstable.    October 5, 1966. — November 4, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, SPIEGEL,
& REARDON, JJ.

*Lien*, Tax lien.   *Attorney at Law.*

In an equity proceeding by a tenant, in which the United States inter-
vened, to determine to whom the plaintiff should pay rent after she had
been notified of a levy on rent owed by her to her landlord for Federal
taxes owed by him, the judge, upon determining that the Federal tax
lien was valid, had no power to allow as a deduction from the rent pay-
able to the United States by the plaintiff the amount of a claim against
her for an attorney's fee and costs which arose subsequent to the date
when the tax lien was perfected.

PETITION filed in the Probate Court for the county of
Barnstable on September 4, 1963.

The case was heard by *Sparrow*, J.

*Joseph Kovner*, Attorney, Department of Justice, for the
United States.

*Roger F. Turner* for the petitioners.

CUTTER, J. Nason was tenant of premises owned by
Taylor and his wife. Taylor owed about $2,000 to the
United States for tax obligations. Nason was given notice
of a Treasury Department levy on rents owed by her to
Taylor. She paid to the Internal Revenue Service $400 of
the amount owed but refused thus to pay a $1,200 balance.
One Gordon, purported transferee of the property from the
Taylors, asserts claims to the balance.

This petition in equity, brought against the Taylors and
Gordon by Nason (and an attorney with whom she had de-
posited the disputed amount), asked the Probate Court to
determine to whom the rent should be paid. The United
States intervened. The probate judge determined that the

United States had a valid lien upon the Taylors' property. By decree, Nason was ordered to pay $1,200 plus interest to the United States, after deducting (a) $26.63 paid by her to a plumber, and (b) $400 as an attorney's fee and costs. The United States on appeal objects to the allowance of the attorney's fee and costs.

The judge had no power to allow (at least in an interpleader or similar proceeding, see *Seaboard Surety Co.* v. *United States,* 306 F. 2d 855, 860 [9th Cir.]) the deduction of an attorney's fee or costs, the claim for which arose subsequent to the date when the tax lien was perfected. Int. Rev. Code of 1954, §§ 6321, 6322, 6323 (as amended 78 Stat. 127, 128, in respects not here relevant). *United States* v. *Liverpool & London Globe Ins. Co. Ltd.* 348 U. S. 215, 217. *United States* v. *R. F. Ball Constr. Co. Inc.* 355 U. S. 587. *United States* v. *Pioneer Am. Ins. Co.* 374 U. S. 84, 88–92. *United States* v. *Equitable Life Assur. Soc. of the U. S.* 384 U. S. 323, 327–332 (which, however, suggests, at p. 332, that, in a mortgage foreclosure suit, routine costs, other than attorneys' fees, may be allowable).

*Decree reversed.*