DAL–MAC CONSTRUCTION COMPANY,
INC., Plaintiff,

v.

DON WALL COMPANY, INC., et
al., Defendants.

Civ. A. No. CA 3–7242–C.

United States District Court,
N. D. Texas,
Dallas Division.

Dec. 3, 1976.

James K. Peden, III, Strasburger, Price, Kelton, Martin & Unis, Dallas, Tex., for plaintiff.

A. Hardcastle, Jr., Geary, Stahl, Koons, Rohde & Spencer, Dallas, Tex., for defendant Lovell Sand & Gravel Co.

Michael P. Carnes, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., for defendant United States.

Joel L. Orr, Fort Worth, Tex., for defendant Southwest Block & Sales, Inc.

Robert S. Addison, Storey, Armstrong, Steger & Martin, Dallas, Tex., for defendant YMCA.

MEMORANDUM OPINION AND ORDER

WILLIAM M. TAYLOR, Jr., Chief Judge.

This is an interpleader action filed by Dal-Mac Construction Company, Inc. to determine the rights of the defendants to certain funds which it has deposited in the registry of this court. Since the parties have agreed to the amounts of the claims, the only remaining questions in this case concern whether attorneys' fees on the claims of Southwest Block & Sales, Inc. and Lovell Sand & Gravel Company are properly payable from the deposited fund, and if so, how much?

I

After careful consideration the Court finds attorneys' fees are properly payable. The fact that a portion of the

fund is subject to a Federal tax lien, and is thus immune to collection of attorneys' fees, does not mean the remaining portion of the fund should be privileged with the same immunity. *United States v. Chapman*, 281 F.2d 862 (10th Cir. 1960). *See also United States v. Liverpool & L. & G. Ins. Co.*, 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955).

Similarly, the remaining portion of the fund should not be privileged to escape attorneys' fees by merely assigning the claim to the United States. The object of the interpleader was to determine the validity and priority of various claims against the deposited fund. Southwest Block and Sales' claim was to be determined on its own merits. Even though the claim was subsequently agreed to by the parties and assigned to the United States, Southwest Block & Sales could not properly assign more than the amount to which it is properly entitled. Nor does the payment of attorneys' fees from the uncontested claims on the fund diminish the amount of money payable to the United States from the fund with respect to Don Wall's tax liability. The tax liability of claimant Southwest Block & Sales is not before the court, and therefore the present case is not within the strictures of *Spinks v. Jones*, 499 F.2d 339 (5th Cir. 1974). Therefore, the Court finds that the uncontested claims are subject to attorneys' fees.

## II

As to the question of amount, the Court finds that the portion of the fund not subject to Federal tax liens should not be subject to any special burdens owing to the coincidence of tax liens. Therefore, Plaintiff's request of 10% attorneys' fees should be figured solely on the basis of funds not subject to the Federal tax lien and not on the basis of the total fund deposited in the court's registry. If attorneys' fees were assessed on the basis of the whole amount, then the carefully preserved priority of certain claims over Federal tax liens would be meaningless in situations where the bulk of the fund is subject to Federal tax liens and the smaller claims could be wiped out.

## III

Thus, from the tendered sum of $7,523.32 attributable to the contract of Don Wall Company, Inc. for work performed in the construction of the Richardson YMCA, 821 Custer Road, Richardson, Texas, distribution is to be as follows:

(1) To Defendant Lovell Sand & Gravel on its agreed claim of $150.00, will be paid the sum of $150.00 less $15.00 to be paid Plaintiff for reasonable attorneys' fees.

(2) To Defendant United States of America on its Tax liens against Defendant Don Wall Company, Inc. will be paid the sum of $4,317.11.

(3) Defendant Southwest Block & Sales, Inc.'s claim of $3,056.21, less $305.62 to be paid Plaintiff as reasonable attorneys' fees, will be paid to the United States and credited to the tax liability of Southwest Block & Sales as per the stipulation filed with this Court.

IT IS ORDERED, ADJUDGED AND DECREED that immediate distribution be made of the above described funds, and the Clerk of this Court is hereby directed to make distribution from the funds presently in the registry of the Court in this case to the following named parties in the amount indicated:

(1) Lovell Sand & Gravel Company— $135.00

(2) United States of America—$7,067.70

(3) Dal-Mac Construction Company, Inc. and Strasburger, Price, Kelton, Martin & Unis—$320.62

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any and all liens and purported liens against the above described properties arising out of materials furnished and services rendered by Defendants herein to Defendant Don Wall Company, Inc. are, and are hereby declared to be, null, void, and of no effect.