MDC LEASING CORP., Plaintiff,

v.

NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Defendant.

NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Defendant and Third-Party Plaintiff,

v.

DERRICO COMPANY, INC., Public Adjustment Bureau, Inc., Cross Ocean Shipping, United States of America Internal Revenue Service, Mayer Pollack Steel Corp., and S. I. Dietz Company, Public Adjusters, Inc., Third-Party Defendants.

No. 77 Civ. 6197 (KTD).

United States District Court, S. D. New York.

May 5, 1978.

Joseph Winston, New York City, for plaintiff.

Abrams & Martin, P. C., New York City, for defendant and interpleading plaintiff

New York Property Insurance Underwriting Association; Alan Jay Martin, Karen L. Bennett, New York City, of counsel.

Frank A. Weg, P. C., New York City, for Public Adjustment Bureau, Inc.

Cichanowicz & Callan, New York City, for third-party defendant Crossocean Shipping; Michael J. Carcich, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for third-party defendant United States of America Internal Revenue Service; Richard N. Papper, Asst. U. S. Atty., New York City, of counsel.

OPINION

KEVIN THOMAS DUFFY, District Judge.

Plaintiff MDC Leasing Corporation has brought this action against New York Property Insurance Company seeking to recover out of the proceeds of certain insurance policies the amount of $37,873.38 representing moneys allegedly assigned to plaintiff on September 23, 1976 by Derrico Company, Inc., the insured, together with interest from August 1, 1976. Plaintiff now moves for summary judgment pursuant to F.R. Civ.P. 56 on the grounds that no issue as to material fact exists. Third party defendants Crossocean Shipping Co., Inc., Public Adjustment Bureau, Inc. and the United States of America have all cross-moved for summary judgment. New York Property Insurance has moved for an order allowing it to pay into the court the sum of $75,000 representing its liability under the insurance policies issued to Derrico, and for $2,877 in attorneys' fees and disbursements.

The following facts are undisputed: Derrico owned certain premises in Bronx County which were insured by New York Property Insurance. On July 22, 1976, there was a fire on those premises which caused damage subsequently valued at $75,000.

On September 23, 1976, Derrico executed a document purporting to assign to MDC Leasing Co. all its right, title and interest in the proceeds of the fire loss insurance up to $34,743.47, with interest from August 1, 1976. Thereafter, on September 29, 1976, Derrico and Derrico Trucking Corp. purported to assign their right, title and interest in the fire insurance proceeds up to $70,000 to Crossocean Shipping. Immediately following the fire loss, on July 23, 1976, Public Adjustment Bureau was retained to adjust the fire loss in question pursuant to a retainer agreement calling for a fee of ten per cent of any moneys received from the fire loss claim.[1] The proof of loss prepared by Public Adjustment was dated June 14, 1977. The United States, between July 19, 1976 and October 17, 1977, made nine assessments of federal taxes due and owing by Derrico in the total amount of $146,210.90, including interest and penalties.

Plaintiff MDC and third party defendant Crossocean claim that their interests in the proceeds are absolute and that their status is in the nature of a "purchaser" within the meaning of 26 U.S.C. § 6323 which provides that a federal lien for taxes shall not be valid against a purchaser until notice thereof has been filed. § 6323(a). Accordingly, plaintiff MDC contends it is entitled to priority with respect to the insurance policy proceeds, and Crossocean contends it is entitled to the balance of the fund. The United States, however, contends that the federal tax claims have priority over these claimants. According to the Government, the assignees' interest in the proceeds did not become choate until June 14, 1977, when a proof of loss was filed by Public Adjustment. Until that time, the Government urges, the assignment was a present right to future proceeds which created merely an equitable lien in favor of the assignees. Such equitable liens may not take priority over a federal tax lien. Nor, asserts the

---

1. S. I. Dietz, in its answer to the third party complaint, also claimed a fee for adjustment services. However, it has neither moved nor responded to the within motions for summary judgment.

Mayer Pollack Steel Corporation was also named in the third party complaint as a third party defendant with an interest in the insurance proceeds. Mayer Pollack has not appeared, answered or moved in this action.

Government, are the assignees purchasers within the meaning of section 6323(h)6, which defines a purchaser as one

. . . who, for adequate and full con-sideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice.

The Government contends that claimants' interest is at best an equitable lien and therefore falls without the statutory exception afforded purchasers. *See Engel v. Tinker National Bank,* 269 F.Supp. 199, 204 (E.D.N.Y.1967).

 A federal tax lien takes priority over competing liens unless the competing lien was choate prior to the attachment of the federal lien, *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1953), or it falls within one of the statutory exceptions carved out by the Internal Revenue Code. In the instant case, the federal government filed notices of assessment in excess of $75,000 prior to June 14, 1977. Thus, the threshold question for my consideration is whether the assignments to MDC and Crossocean became choate on the actual date of the assignment or on June 14 when the proof of loss was filed. This must be determined since regardless of whether the claimants are "purchasers" within the meaning of section 6323, filing by the Government before the date on which their interest was "fixed" will destroy any priority they might have acquired by virtue of purchaser status.

 It is well settled in New York that "an assignment of a future interest in the proceeds of a claim is equitable only and does not become a legal assignment until the proceeds have come into existence." *PPG Industries, Inc. v. Hartford Fire Insurance Co.,* 384 F.Supp. 91 (S.D.N.Y.1974), *aff'd,* 531 F.2d 58 (2d Cir. 1976). The assignment of proceeds in an insurance policy, the amount of which is not yet fixed, would seem to be such an equitable interest which becomes a legal or choate interest only "when there is a judgment or appropriation of the proceeds in favor of the assignor." *Id.* This appropriation could not take place until a proof of loss was filed, which concededly did not take place until June 14, 1977.[2] Since prior to that date tax assessments in excess of $75,000 had been filed, the assignments to MDC and Crossocean are subordinate to the federal tax liens which attached before the proceeds came into existence. *See Moorstein v. Excelsior Insurance Co. of Syracuse,* 25 N.Y.2d 651, 306 N.Y.S.2d 464, 254 N.E.2d 766 (1969). Moreover, if the tax liens are deemed to attach on June 14, 1977, when the proceeds came into existence, the Government would still prevail since in the event of simultaneous attachment the federal liens are accorded priority. *United States v. Graham,* 96 F.Supp. 318 (S.D.Cal.1951), *aff'd sub nom. California v. United States,* 195 F.2d 530 (9th Cir.), *cert. denied,* 344 U.S. 831, 73 S.Ct. 36, 97 L.Ed. 647 (1952).

 The claim of the Public Adjustment Company need only receive passing reference since all the parties agree that it is entitled to its ten per cent fee.[3] Accordingly, its motion for summary judgment is

---

**2.** Plaintiff argues, taking out of context the language of the Second Circuit in *PPG Industries, Inc. v. Hartford Insurance Co.,* 531 F.2d 58 (2d Cir. 1976), that the " 'existence' requirement of § 6323(h)(1) [dealing with security interests] is satisfied by the existence of an available insurance policy." *Id.* at 62. Plaintiff, however, concedes that its assignment is not a security interest. Moreover, the court of appeals in *PPG* observed that the proceeds of the fire insurance policy there in question "did not come into existence until a judgment was obtained against Hartford." *Id.* In that case, however, "the *original* security interest was not in after acquired proceeds, but in the debtor's inventory and equipment." *Id.* When this was destroyed the interest continued in the insurance policy and then the proceeds. In the instant case the assignment was never in anything other than proceeds, which were not "fixed," at least until the filing of a proof of loss.

**3.** Although the Government's brief appears to contest this point, its affidavit submitted in support of its motion for summary judgment clearly concedes that the adjuster's fee should be allowed. Affidavit of Richard N. Papper, March 30, 1978.

**182**

granted. The claim of New York Property Insurance for attorneys fees, however, is opposed by all the parties. Having determined that the United States has priority and is entitled to the entire fund less the adjuster's fee, I must deny New York Property Insurance's motion. Fees for interpleaders' attorneys do not take priority over government liens, *United States v. Liverpool & London & Globe Ins. Co.,* 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1955), particularly where, as here, "the total amount in the fund is insufficient to satisfy prior federal tax liens." *United States v. State National Bank of Connecticut,* 421 F.2d 519 (2d Cir. 1970).

Accordingly, the motion of New York Property to be permitted to deposit the sum of $75,000 in court is granted. New York Property's motion for attorneys' fees is denied. The motions of the United States for summary judgment in the amount of $67,-500 and the Public Adjustment Bureau for $7,500 are granted. The remaining motions are denied.

Settle judgment on seven days notice. No costs are to be allowed to any party.