MILLERS MUTUAL INSURANCE
ASSOCIATION OF ILLINOIS,
Appellee,

v.

Richard WASSALL; Dorothy Frazier;
Charles E. Hansen, Trustee for E.L.
Howald and Gladys Howald; Eli How-
ald and Gladys Howald, Appellees,

United States of America, Appellant.

No. 83–2078–EM.

United States Court of Appeals,
Eighth Circuit.

Submitted May 17, 1984.
Decided June 29, 1984.

Daniel E. Wilke, Brinker, Doyen & Ko-
vacs, P.C., Clayton, Mo., for appellee Mil-
lers Mut. Ins. Ass'n of Illinois.

Glenn L. Archer, Jr., Asst. Atty. Gen.,
Michael L. Paup, William S. Estabrook, III,
Farley P. Katz, Attys., Tax Div., Dept. of
Justice, Washington, D.C., for appellant;
Thomas E. Dittmeier, U.S. Atty., St. Louis,
Mo., of counsel.

Before ROSS, BENNETT* and AR-
NOLD, Circuit Judges.

BENNETT, Circuit Judge.

The government appeals from a judg-
ment of the district court[1] awarding plain-
tiff-stakeholder, Millers Mutual Insurance
Association of Illinois (Millers Mutual), at-
torney fees in an interpleader action, the
effect of which was to reduce the amount
recovered by the United States under prior
federal tax liens. We reverse and remand.

I. *Background.*

On April 6, 1978, Millers Mutual brought
an interpleader action under 28 U.S.C.

---

* The Hon. Marion T. Bennett, United States Cir-
cuit Judge for the Federal Circuit, sitting by
designation.

1. The Hon. H. Kenneth Wangelin, United States
District Judge for the Eastern District of Missou-
ri.

§ 1332 and FED.R.CIV.P. 22, and named as defendants Richard Wassall; the United States Department of Treasury, District Director of Internal Revenue R.C. Voskuil; Charles E. Hansen, trustee for E.L. and Gladys Howald; Eli and Gladys Howald; and other private parties. Millers Mutual admitted liability to Wassall in the amount of $30,000, representing the proceeds under an insurance policy for fire damage to the insured's property. Millers Mutual alleged that conflicting claims were made by the Treasury Department and other defendants, and that the claims exceeded the $30,-000 owed Wassall. Millers Mutual further alleged that it had no claim to that sum, tendered $30,000 to the court [2] pending resolution of the conflicting claims, and requested costs and attorney fees. The United States filed an answer, alleging that it was entitled to the $30,000 on the basis of numerous tax liens against Wassall in an amount exceeding the interpleaded fund.

On June 9, 1983, the district court entered final judgment. The court had previously determined that defendants Hansen and Howald, under a first priority, were entitled to $7,934.33 of the interpleaded fund, but reduced that amount by $810, which was awarded to Millers Mutual for attorney fees and costs. The court also set aside an additional $1,590 from the fund for attorney fees and costs to Millers Mutual, despite the government's claim that such an award could not reduce the amount recovered under its prior tax liens.[3] The court determined that the United States was entitled to the remainder of the fund, consisting of $22,475.67.

On this appeal, the sole remaining issue is the propriety of the $1,590 award of attorney fees and costs to Millers Mutual. No challenge is made to the determination of priority to the fund or the $810 in fees granted to Millers Mutual from the amount awarded to Hansen and Howald.

## II. *Discussion.*

█ It is well established that the Internal Revenue Code of 1954, 26 U.S.C. §§ 6321, 6322 (1982), prohibits an award of attorney fees where the effect of such an award would be to diminish the amount recovered by the United States under a prior federal tax lien. *See, e.g., United States v. Equitable Life*, 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966); *United States v. Ball Construction Co.*, 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958) (summary reversal of an award of attorney fees to an interpleader where a federal tax lien had previously attached to the fund); *United States v. Liverpool & London Insurance Co.*, 348 U.S. 215, 217, 75 S.Ct. 247, 248, 99 L.Ed. 268 (1955); *Katsaris v. United States*, 684 F.2d 758, 763 (11th Cir. 1982); *Campagna-Turano Bakery, Inc. v. United States*, 632 F.2d 39 (7th Cir.1980); *Spinks v. Jones*, 499 F.2d 339 (5th Cir. 1974). In the present case, it is undisputed that the federal tax liens attached prior to the commencement of the interpleader action and thus had priority over any inchoate claim for attorney fees arising out of that action. The award of $1,590 in attorney fees and costs to Millers Mutual was therefore in error, as the effect of this award was to reduce the amount recovered by the United States under its paramount federal tax liens.

Millers Mutual asserts that the award of attorney fees and costs is sanctioned under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1982), presumably because the Act overruled prior law. Assuming *arguendo* the applicability of the EAJA to this case,[4] our result would not differ. Mil-

---

**2.** This amount was later increased by $2,000 to reflect liability under the living expenses coverage of the policy.

**3.** In an earlier ruling, the court denied Millers Mutual's motion for attorney fees on the ground that such an award "cannot diminish the portion of the interpleaded fund to which the United States is entitled by virtue of its tax lien ...."

(Memorandum and Order, filed Sept. 27, 1979.) It is not clear from the record why the court departed from its earlier ruling.

**4.** Before the district court, neither the parties nor the court made reference to the EAJA as a basis for an award of attorney fees to Millers Mutual.

lers Mutual relies upon the section of the EAJA that provides for a discretionary award of attorney fees against the United States "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award," subject to the proviso "[u]nless expressly prohibited by statute." 28 U.S.C. § 2412(b). *See* H.R. REP. NO. 1418, 96th Cong., 2d Sess. 8–9, 17, *reprinted in* 1980 U.S. CODE CONG. & AD. NEWS 4953, 4984, 4986–87, 4999. Under the common law, courts have long awarded attorney fees and costs to a disinterested stakeholder out of an interpleaded fund. *See generally* 3A J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 22.-16[2] (2d ed. 1984); 7 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1719 (1972).

Even if the EAJA, 28 U.S.C. 2412(a) and (b), arguably creates a discretionary *claim* for costs and attorney fees by Millers Mutual, as against a defense of sovereign immunity, nothing in the Act gives the stakeholder a *priority* to the fund superior to that of the United States, based on its prior federal tax liens. Here, the claim of the United States to the fund is based upon the statutory authority of 26 U.S.C. §§ 6321, 6322.[5] In the cases cited *supra* the courts denied an award of attorney fees and costs on the basis of this statutory authority, and not upon a general claim of sovereign immunity. *See also United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963); *Bank of America National Trust & Savings Association v. Mamakos*, 509 F.2d 1217 (9th Cir.1975); *United States v. State National Bank of Connecticut*, 421 F.2d 519 (2d Cir.1970). There is nothing in the statute or the legislative history of the EAJA to indicate that Congress intended to override the priority of the Unit-

ed States to interpleaded funds under prior federal tax liens.

Accordingly, the award of $1,590 in attorney fees and costs to Millers Mutual was contrary to law.

Reversed and remanded.

---

**5.** In *Campagna-Turano Bakery, Inc. v. United States,* 632 F.2d 39, 41 (7th Cir.1980), the court stated that "[26 U.S.C.] [s]ection 6323 of the Federal Tax Lien Act of 1966 is the exclusive source of exceptions to the priority of federal

tax liens. Unfortunately for [the stakeholder], § 6323 creates no exception to the superiority of federal tax liens for the claims of interpleading plaintiffs who incur expenses for court costs and attorneys' fees."