Thomas O. **BIBBS**, Jr., Appellant,

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Appellee.**

No. 87–2205.

United States Court of Appeals, Eighth Circuit.

Submitted March 16, 1988.

Decided July 5, 1988.

Rehearing and Rehearing En Banc Denied Sept. 13, 1988.

Karon D. Ramsey, Kansas City, Mo., for appellant.

E. Eugene Harrison, Asst. Atty. Gen., Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and EUGENE A. WRIGHT,* Senior Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Thomas O. Bibbs appeals from a judgment of the district court [1] denying him an award of retroactive promotion and backpay under Title VII, 42 U.S.C. §§ 2000e to 2000e–17 (1982), because the court found that although race played a minor role in the selection process, the government met its burden of proving that Bibbs would not have been selected for promotion even if his race had been disregarded. He argues that the district court erred in attempting to calibrate established intentional discrimination, and that the district court was clearly erroneous in its finding that Bibbs' employer, the Secretary of the United States Department of Agriculture, sustained his burden of proving that Bibbs would not have received the promotion even if his race had not been considered. We conclude that the district court did not err; that its findings of fact were not clearly erroneous; and that its judgment must be affirmed.

In September, 1976, Bibbs applied for a supervisory position in the Agricultural Stabilization and Conservation Service print shop, but was denied the promotion. He brought this Title VII action alleging that he was denied promotion because of his race.[2] The district court entered judgment in favor of his employer, finding that al-

---

* The Honorable EUGENE A. WRIGHT, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

2. Bibbs also alleged that he was denied the promotion because of his age. The district court found against him on this claim, and the panel to which this appeal was initially submitted affirmed that finding as not clearly erroneous. *Bibbs v. Block,* 749 F.2d 508 (8th Cir. 1984).

though "racial considerations probably did play a minor role in the selection process, Bibbs would not have been selected for the position even if his race had been disregarded, [i.e.] that [race] was a discernible but not a determining factor in the decision to promote." A panel of this court reversed, *Bibbs v. Block,* 749 F.2d 508 (8th Cir.1984), and rehearing en banc was granted. In *Bibbs v. Block,* 778 F.2d 1318 (8th Cir.1985) (Bibbs I) (en banc), we reversed and remanded, concluding that because Bibbs had shown that race was a discernible factor at the time of the decision not to promote him, he established a violation of Title VII in a mixed-motive context, and was entitled to declarative and injunctive relief and should be considered a prevailing party for the purpose of awarding attorneys' fees. *Id.* at 1324. We further held that the district court must consider whether Bibbs would have received the promotion but for the discrimination in the selection process, and that the Secretary, to avoid an award of retroactive promotion and backpay, must prove by a preponderance of the evidence that Bibbs would not have received the promotion even if his race had not been considered. *Id.* at 1324–25. We remanded for a determination of these issues.

On the basis of the existing record and after additional briefing the district court on remand found:

In light of this court's prior observation that racial considerations probably did play "a minor role" in the selection process, it should come as no surprise that I now conclude that the preponderance of the evidence supports the conclusion (previously stated without referring to the burden of proof) that "plaintiff would not have been selected for the position even if his race had been disregarded."

The district court observed that the specific indications of racial bias "have modest probative value although they cannot be wholly disregarded." Joseph Tresnak, the key figure in the selection process, referred to Bibbs as a "black militant." He also had made a statement in the presence of another black employee, whom he referred to as "boy," that there were "no niggers" in

Nebraska, his childhood home. The district court found, however, that Tresnak had been able to work with and select for promotion another black employee, Asberry, to whom he had assigned the sensitive task of classifying applicants for promotion in this case. The court concluded that it must "calibrate" the showing of bias and stated that the bias was "less than controlling and not likely to be a dominant factor in most of Tresnak's employment decisions affecting blacks." The court further observed that Bibbs had made known to Tresnak that he considered himself Tresnak's enemy. The court was satisfied that notwithstanding Bibbs' race, the successful candidate or someone else would have been chosen as supervisor. The court concluded that the government met its burden of proving, by a preponderance of the evidence, that "race was not a 'make or break' factor defeating this plaintiff's application." Accordingly, the court held that Bibbs was not entitled to retroactive promotion or backpay, but because he had demonstrated that racial bias tainted the selection process, he was entitled to a partial allowance of attorneys' fees and a declaratory judgment.

On appeal, Bibbs argues that the district court erred in attempting to calibrate the established intentional discrimination, contrary to the command of the Supreme Court in *Personnel Adm'r v. Feeney,* 442 U.S. 256, 277, 99 S.Ct. 2282, 2295, 60 L.Ed.2d 870 (1979). He further argues that the district court's finding that the Secretary met his burden of production and persuasion is clearly erroneous. The Secretary, on the other hand, argues that the district court initially decided the case correctly and that our instructions in the en banc opinion were not required, but that in any event, the district court followed our instructions to the case on remand and that its factual findings were not clearly erroneous.

This panel is bound by the decision of the court en banc, as was the district court on remand. We may not reevaluate the district court's first order and we affirm the second order.

## I.

■ Bibbs argues that the district court erred in attempting to "calibrate" the established intentional discrimination in determining whether the Secretary had shown that Bibbs would not have been promoted absent the proven discrimination. Bibbs' sole authority is a statement from the Supreme Court: "[d]iscriminatory intent is simply not amenable to calibration. It is either a factor that has influenced the legislative choice or it is not." *Feeney*, 422 U.S. at 277, 99 S.Ct. at 2295.

In *Bibbs I* we examined the mixed-motive case in light of the language of Title VII and concluded that once a plaintiff establishes a violation of Title VII by proving that an unlawful motive played some part in the employment decision adverse to him, he is entitled to some relief, including declaratory judgment, partial attorneys' fees, and injunctive relief against future or continued discrimination. 778 F.2d 1323–24. We concluded that Bibbs had made such showing and accordingly reversed the judgment of the district court denying any relief. We then looked to section 706(g), 42 U.S.C. § 2000e–5(g) (1982), and concluded that even when there had been a finding of unlawful discrimination entitling the plaintiff to partial relief, an employer may avoid an award of reinstatement or promotion and backpay "if it can prove by a preponderance of the evidence that the plaintiff would not have been hired or promoted even in the absence of the proven discrimination." *Bibbs I*, 778 F.2d at 1322.

While the district court determined that it was required to calibrate, or "at least place in context the showing of bias found here," the district court was fully aware of Bibbs' *Feeney* argument and we are satisfied that the court did not disobey *Feeney's* teaching. *Feeney* involved legislative action granting an absolute lifetime preference to veterans for state civil service positions. *Id.*, 442 U.S. at 259–63, 99 S.Ct. at 2285–87. The Supreme Court's statement that "[d]iscriminatory intent is not amenable to calibration [but] is either a factor that has influenced the legislative choice or it is not," *id.* at 277, 99 S.Ct. at 2295, does not reach the issue before us. As the district court recognized, Bibbs' argument would lead to the result that in every mixed-motive case under Title VII any taint of discriminatory intent would entitle the plaintiff to all the benefits of a favorable employment decision. In our en banc decision, we concluded that this result was contrary to the language of Title VII, specifically § 706(g) which mandated the analysis we directed the district court to undertake on remand. We are satisfied that *Feeney* simply has no application. *But cf. Hopkins v. Price Waterhouse*, 825 F.2d 458, 470–71 (D.C.Cir.1987), *cert. granted*, — U.S. —, 108 S.Ct. 1106, 99 L.Ed.2d 268 (1988). Whether a statute was enacted for discriminatory purpose is an inquiry far different from that before the district court. Here, having found discrimination, the district court was required to decide under section 706(g) whether the employer had met its burden of showing that Bibbs would not have been promoted in the absence of the proven discrimination. Although the district court may not have needed to bring into an already complex discussion the further semantic nicety of "calibration," its analysis of the facts makes clear that it was simply considering the question we directed it to consider in accordance with the terms of Title VII. Accordingly, we reject Bibbs' argument that the district court erred in attempting to calibrate established intentional discrimination.

## II.

■ Bibbs next challenges the district court's finding that he would not have been selected for the promotion even if his race had been disregarded. There is substantial evidence in the record to support the finding that Bibbs would not have been promoted regardless of his race and we therefore cannot conclude that the district court's findings of fact made in response to directions of this court en banc are clearly erroneous. Two of the selecting officials, Cox and Blitgen, who are white, were not shown to have acted out of racial animus. Asberry, who is black, initially reviewed

and rated the seven applicants for the position. He did not include Bibbs on his first "most qualified" list. Although Asberry rated Bibbs barely acceptable on his ability to work with others and also questioned his attitude, Asberry later added him to the list. Laube, the successful candidate, made the "most qualified" list on Asberry's first rating. There was evidence that Bibbs had a history of disciplinary and interpersonal problems. Testimony revealed that Bibbs had been involved in disagreements with Tresnak. He once shook a finger at him and made a statement which Tresnak took as a threat. Finally, there was testimony that Bibbs refused training on printing machines, did not readily accept instructions and was involved in a good deal of friction and hostility present in the print shop.

The district judge, as is evidenced by both opinions in this case, gave a thorough and sensitive analysis to the evidence before him. The subtlety in the distinctions made by him have led to a more thorough refinement of the proper analysis in mixed-motive cases. We cannot conclude that the findings of fact are clearly erroneous. *See Anderson v. Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *Powell v. Missouri State Highway and Transp. Dept.*, 822 F.2d 798, 800–02 (8th Cir.1987). We affirm.